**GREENBERG TRAURIG, LLP**
Philip R. Sellinger (PS 9369)
Ian S. Marx (IM 1704)
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932
(973) 360-7900 (Telephone)
(973) 301-8410 (Facsimile)
*Attorneys for Defendant*
*Live Nation Entertainment, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUICE ENTERTAINMENT, LLC, THOMAS DORFMAN, AND CHRIS BARRETT,<br><br>Plaintiffs,<br><br>vs.<br><br>LIVE NATION ENTERTAINMENT, INC.,<br><br>Defendant. | Civil Action No. 11-07318 (WHW) (MCA)<br><br>*Document Filed Electronically* |

**DEFENDANT LIVE NATION ENTERTAINMENT, INC.'S ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendant Live Nation Entertainment, Inc. ("Live Nation"), by and through its undersigned counsel, Greenberg Traurig, LLP, as and for its Answer to the plaintiffs' First Amended Complaint (the "Amended Complaint"), hereby responds as follows:

**PRELIMINARY STATEMENT**

1. Live Nation admits that it is a promoter of live music. Except as expressly admitted hereinabove, Live Nation denies each and every one of the remaining allegations of paragraph 1.

2. Live Nation denies the allegations of paragraph 2.

3. Live Nation denies the allegations of paragraph 3.

4. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5. To the extent that the allegations of paragraph 5 purport to describe the contents of an agreement between Plaintiffs and State Fair Event Management ("SFEM"), Live Nation neither admits nor denies those allegations, but respectfully refers the Court to the agreement for the complete and accurate terms thereof, and Live Nation denies the allegations to the extent that they are contradicted by the agreement.

6. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Live Nation denies the allegations of paragraph 8.

9. Live Nation denies the allegations of paragraph 9.

10. Live Nation denies the allegations of paragraph 10.

11. Live Nation denies the allegations of paragraph 11.

12. Live Nation denies the allegations of paragraph 12.

13. Live Nation denies the allegations of paragraph 3.

14. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16, except denies that Live Nation "eliminated any way for Plaintiffs to perform their contract."

17. Live Nation denies the allegations of paragraph 17.

## JURISDICTION AND VENUE

18. Live Nation admits the allegations of paragraph 18.

19. Live Nation admits the allegations of paragraph 19.

## THE PARTIES

20. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20.

21. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21.

22. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Live Nation admits the allegations of the first sentence of paragraph 23. Live Nation denies the remaining allegations of paragraph 23.

## INTERSTATE TRADE AND COMMERCE

24. Live Nation denies the allegations of paragraph 24, except admits that it is involved in interstate trade and commerce, promotes concerts throughout the United States, and owns, operates and/or has exclusive booking rights at numerous venues throughout the United States.

25. Live Nation denies the allegations of paragraph 25, except admits that it uses instrumentalities of interstate commerce to sell tickets and advertise performances, and to contact and book performers at venues in New Jersey and throughout the nation.

## FACTUAL ALLEGATIONS

### Live Nation's Domination of the Market For Promotion of Live Music Concerts

26. Live Nation denies the allegations of paragraph 26.

27. Live Nation denies the allegations of paragraph 27.

28. Live Nation denies the allegations of paragraph 28.

29. Live Nation denies the allegations of paragraph 29.

30. Live Nation denies the allegations of paragraph 30, except to the extent the allegations of paragraph 30 purport to quote a news article, Live Nation respectfully refers the Court to the article for the complete and accurate contents thereof.

31. Live Nation denies the allegations of paragraph 31, and respectfully refers the Court to the reported decision *Jamsports and Entertainment, LLC. v. Paradama Productions, Inc. et. al.*, 382 F. Supp. 2d 1056 (N.D. Ill. 2005) for a summary of the claims asserted and judgment awarded therein.

32. Live Nation denies the allegations of paragraph 32, except admits that a complaint was filed against Live Nation, Inc. in the District of Maryland in a case styled *It's My Party, Inc., et al. v. Live Nation, Inc.*, Case No. 1:09-cv-00547, and respectfully refers the Court to the complaint filed in that case for a statement of the claims asserted therein.

33. Live Nation denies the allegations of paragraph 33.

### Plaintiffs Acquire Contract to Produce the Electronic Dance
### Event at the Meadowlands For the State Fair

34. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34.

35. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 35.

36. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 36.

37. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 37.

38. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 38.

39. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39.

40. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40.

41. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41, except to the extent the allegations of paragraph 41 purport to quote an engagement letter, Live Nation respectfully refers the Court to the letter for the complete and accurate contents thereof, and Live Nation denies the allegations of paragraph 41 to the extent that they are inconsistent with the terms of that written document.

42. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 42.

43. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43.

44. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 44.

45. Live Nation denies the allegations of paragraph 45.

46. Live Nation denies the allegations of paragraph 46.

### Live Nation's Targeted Attack on Plaintiffs Through a Concerted, Multi-Pronged Effort to Destroy the Event

47. Live Nation denies the allegations of paragraph 47.

48. Live Nation denies the allegations of paragraph 48.

49. Live Nation denies the allegations of paragraph 49.

50. Live Nation denies the allegations of paragraph 50.

51. The allegations of paragraph 51 require no response because the Amended Complaint speaks for itself and is the best evidence of its contents.

52. Live Nation admits the allegations of paragraph 52, except that to the extent that a Billboard article is quoted, the text of the article speaks for itself, and Live Nation denies the allegations to the extent they are inconsistent with that article.

53. Live Nation admits that Mr. D'Esposito is a former employee of Live Nation. The remaining allegations of paragraph 53 are denied and, to the extent the remaining allegations purport to quote a New York Times article, Live Nation neither admits nor denies those allegations, but respectfully refers the Court to the article for the complete and accurate contents thereof, and Live Nation denies the allegations to the extent they are inconsistent with that article.

54.     Live Nation denies the allegations of paragraph 54. To the extent that the allegations of paragraph 54 purport to describe the contents of an editorial, Live Nation neither admits nor denies those allegations, but respectfully refers the Court to the editorial for the complete and accurate contents thereof.

### Live Nation's Coordinated Efforts to Destroy Plaintiffs' Relationships with the Talent Agencies

55.     Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.     Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.     Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 57.

58.     Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 59.

60.     Live Nation denies the allegations of paragraph 60.

61.     Live Nation denies the allegations of paragraph 61.

62.     Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 62. Live Nation denies the remaining allegations of paragraph 62.

63.     Live Nation denies the allegations of paragraph 63.

64.     Live Nation denies the allegations of paragraph 64.

## Live Nation's Coordinated Efforts to Destroy Plaintiffs' Ability to Sign the Artists

65. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 65.

66. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 66.

67. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 67.

68. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 68, except Live Nation denies the allegations regarding the alleged "industry custom".

69. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 69.

70. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 70.

71. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 71.

72. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 72.

73. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 73.

74. Live Nation denies the allegations of paragraph 74, except admits that Mr. Miller and Mr. D'Esposito met with plaintiffs Dorfman and Barrett, among others, on or about March 3, 2011.

75. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 75.

76. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 76.

77. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 77.

78. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 78.

79. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 79.

80. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 80.

81. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 81.

82. Live Nation denies the allegations of the first and second sentences of paragraph 82. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 82.

83. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 83.

84. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 84.

85. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85.

86. Live Nation denies the allegations of paragraph 86.

87. Live Nation denies the allegations of paragraph 87.

### Live Nation's Coordinated Efforts to Destroy Plaintiffs' Relationship And Contract with SFEM and the Venue

88. Live Nation denies the allegations of paragraph 88.

89. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 89.

90. Live Nation denies the allegations of paragraph 90, except denies information or knowledge sufficient to form a belief as to the truth of the allegations regarding statements made by Mr. Dorso.

91. Live Nation denies the allegations of paragraph 91.

92. Live Nation denies the allegations of paragraph 92.

93. Live Nation denies the allegations of paragraph 93, except denies information or knowledge sufficient to form a belief as to the truth of the allegations regarding statements made by Mr. Dorso.

94. Live Nation denies the allegations of paragraph 94.

95. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 95.  To the extent that the allegations of paragraph 95 purport to describe the contents of a contract between Plaintiffs and SFEM (the "Agreement"), Live Nation neither admits nor denies those allegations, but respectfully refers the Court to the Agreement for the complete and accurate contents thereof, and Live Nation denies the allegations to the extent that they are inconsistent with the written document.

96. Live Nation denies the allegations of paragraph 96.

97. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 97 regarding what Mr. Dorso suggested to Plaintiffs or Plaintiffs' response. Live Nation denies the remaining allegations of paragraph 97.

98. Live Nation denies the allegations of paragraph 98, except admits that Mr. Miller and Mr. D'Esposito met with plaintiffs Dorfman and Barrett on or about March 3, 2011.

99. Live Nation denies the allegations of paragraph 99.

100. Live Nation denies the allegations of paragraph 100.

101. Live Nation denies the allegations of paragraph 101.

102. Live Nation denies the allegations of paragraph 102.

103. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 103, except denies that Live Nation "blocked" Tiesto or other artists from performing at the State Fair.

104. Live Nation denies the allegations of paragraph 104, except admits that Mr. Miller met a second time with plaintiffs Dorfman and Barrett.

105. Live Nation denies the allegations of paragraph 105.

106. Live Nation denies the allegations of the first sentence of paragraph 106. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 106.

107. Live Nation denies the allegations of the first, second and fourth sentences of paragraph 107. Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 107.

## CAUSES OF ACTION

### COUNT I
### Tortious Interference with Contract

108.   Live Nation repeats and realleges its responses to each of the preceding paragraphs as if set forth at length herein.

109.   Live Nation denies the allegations of paragraph 109.

110.   Live Nation denies the allegations of paragraph 110.

111.   Live Nation denies the allegations of paragraph 111.

112.   Live Nation denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 112.

113.   Live Nation denies the allegations of paragraph 113.

114.   Live Nation denies the allegations of paragraph 114.

115.   Live Nation denies the allegations of paragraph 115.

116.   Live Nation denies the allegations of paragraph 116.

117.   Live Nation denies the allegations of paragraph 117.

118.   Live Nation denies the allegations of paragraph 118.

### COUNT II
### Tortious Interference with Business Relations

119.   Live Nation repeats and realleges its responses to each of the preceding paragraphs as if set forth at length herein.

120.   Live Nation denies the allegations of paragraph 120.

121.   Live Nation denies the allegations of paragraph 121.

122.   Live Nation denies the allegations of paragraph 122.

123.   Live Nation denies the allegations of paragraph 123.

124. Live Nation denies the allegations of paragraph 124.

125. Live Nation denies the allegations of paragraph 125.

126. Live Nation denies the allegations of paragraph 126.

127. Live Nation denies the allegations of paragraph 127.

128. Live Nation denies the allegations of paragraph 128.

129. Live Nation denies the allegations of paragraph 129.

## COUNT III
### Defamation

130. Live Nation repeats and realleges its responses to each of the preceding paragraphs as if set forth at length herein.

131. Live Nation denies the allegations of paragraph 131.

132. Live Nation denies the allegations of paragraph 132.

133. Live Nation denies the allegations of paragraph 133.

134. Live Nation denies the allegations of paragraph 134.

135. Live Nation denies the allegations of paragraph 135.

136. Live Nation denies the allegations of paragraph 136.

137. Live Nation denies the allegations of paragraph 137.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Amended Complaint is barred by the doctrines of estoppel and waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any form of equitable relief to the extent that Plaintiffs are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for defamation because the statements alleged to be defamatory are true.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for defamation because the statements alleged to be defamatory are expressions of opinion.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for defamation because the statements alleged to be defamatory are privileged.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages, or in the alternative, any damages that Plaintiffs may have suffered were caused by their own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

Any action or inaction by Live Nation was not the proximate cause of any damages suffered by Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

The claims in the Amended Complaint are barred on the grounds that Plaintiffs failed to mitigate their alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs did not sustain any compensable actual damages and are not otherwise entitled to recover such damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover damages because the damages alleged by Plaintiffs are too speculative and remote.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any relief because Live Nation has not engaged in any unlawful conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all relevant times, Live Nation acted in good faith and without malice or intent to injure Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Live Nation acted in a commercially reasonable manner and in accordance with industry custom and practices.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs claim exemplary or punitive damages, such awards are impermissible to the extent prohibited by the Due Process Clause of the Fourteenth Amendment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs claim exemplary or punitive damages, they fail to allege claims sufficient to entitle them to such an award.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Live Nation intends to rely on any additional affirmative defenses which become available or apparent during discovery, and thus reserves the right to amend this Answer to assert such additional defenses.

WHEREFORE, Live Nation demands judgment:

(a)  Dismissing the Amended Complaint with prejudice;

(b)  Awarding Live Nation the reasonable attorneys' fees and costs that it incurred in connection with this action; and

(c)  Granting Live Nation such other and further relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Ian S. Marx
Ian S. Marx (IM 1704)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
(973) 360-7900

Attorneys for Defendant
*Live Nation Entertainment, Inc.*

Dated:  November 7, 2012