

HOUSTON
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002

NEW YORK
460 Park Avenue - 21st Floor
New York, New York 10022

713 860 1600 telephone
713 860 1699 facsimile
www.ajamie.com

David S. Siegel
dsiegel@ajamie.com

0541.001                                                                                           March 19, 2014

**VIA CM/ECF & REGULAR MAIL**

Honorable Cathy L. Waldor
United States Magistrate Judge
United States District Court
For the District of New Jersey
Martin Luther King Courthouse
50 Walnut Street
Newark, NJ 07101

       Re:    *Juice Entertainment, LLC, et al. v. Live Nation Entertainment, Inc.*, Civ. Action
              No. 11-7318 (WHW) (CLW)

Dear Judge Waldor:

      Pursuant to the Court's Order dated March 13, 2014, we are writing on behalf of Plaintiffs Juice Entertainment, LLC, Thomas Dorfman, and Chris Barrett ("Plaintiffs") to reply briefly to the letter dated March 12, 2014 filed by counsel for Defendant Live Nation, Entertainment, Inc. ("Defendant"). Defendant's letter consisted largely of unnecessary mudslinging, designed, apparently, to distract the Court from what is a straightforward discovery issue. Defendant, understandably anxious to divert the Court's focus from its failure to comply with an unambiguous discovery Order, instead took the uninvited opportunity to opine on the merits of Plaintiffs' claims. Plaintiffs here seek to refocus the Court on the only questions' before it at this juncture: whether Defendant has standing to challenge Judge Mannion's August 7, 2013 Order, and whether it has complied with that Order.

**Defendant has waived the right to complain of Judge Mannion's Order**

      The documents at issue in this discovery dispute were ordered to be produced during a phone conference on August 7, 2013. Prior to that conference the parties set out their respective positions on the disputed discovery in a joint letter dated July 22, 2103. *See* Docket entry No. 36. In this letter Plaintiffs underscored the importance of obtaining actual documents which

March 19, 2014
Page 2

evidenced the longstanding nature of the relationship between Defendant and artists and agents in the electronic dance music market. During that conference Judge Mannion heard oral argument about several of the Plaintiffs' discovery requests, including Plaintiffs' Document Request No. 20, which asked for the documents at issue here. As we noted previously, Judge Mannion's ruling with respect to these documents may be found at pp. 53-54 of Docket Entry No. 40, the transcript of the August 7, 2013 phone conference.

Pursuant to Local Civil Rule 7.1, Defendant had 14 days from the date of entry of Judge Mannion's August 7, 2013 Order in which to serve and file a motion for reconsideration, setting forth the facts and law which it believed Judge Mannion overlooked in arriving at his Order. Defendant did not file any such motion for reconsideration, either within the prescribed 14 day period or at any time thereafter.

Likewise, pursuant to Local Civil Rule 72.1(c)(1)(A) Defendant was free to appeal Judge Mannion's Order within 14 days after being served a copy of the Order, instead of moving for reconsideration. It did not do that either. Instead, from August of 2013 right up to March 12, 2014, the date of its letter to the Court, Defendant has indicated that it would produce documents responsive to Plaintiffs' Document Request No. 20. Counsel for Defendant made such a representation within a week of sending his March 12, 2014 letter.

Plaintiffs can only speculate as to why Defendant has changed its position with respect to these documents at the 11th hour. Regardless of the explanation, the Court should not countenance this discovery abuse. Defendant offers no explanation for its failure to follow the correct procedure for challenging Judge Mannion's Order. Defendant cites no authority for the proposition, unstated explicitly, but clearly behind Defendant's current argument, that it may have another opportunity to argue the merits of this discovery dispute simply because a new Magistrate Judge has inherited the case. The Rules governing motions for reconsideration and appeal exist for the obvious reason that finality of rulings must be achieved. Otherwise parties would routinely do what Defendant is attempting here-simply ignore unpalatable discovery Orders and hope to get a second, procedurally invalid hearing at a later point in the case, perhaps with a different Judge. The bottom line here is that Defendant was ordered to produce the documents in question, neither moved for reconsideration of that Order nor appealed it, and has been representing for months that it would produce voluminous documents in response to the Order. It should be ordered yet again to produce the documents in a timely fashion and sanctioned meaningfully if it does not.

**Defendant has not complied with Judge Mannion's Order**

On February 12, 2014 Defendant produced a spreadsheet bearing the title "Supplemental Response to Interrogatory No. 8."[1] This document, grandiosely referred to by counsel as containing "3690 data points" for each of the concerts listed, is nothing more than a summary of limited categories of data for the identified shows. It isn't clear what all those elusive "data

---

[1] Defendant designated this spreadsheet "Attorneys Eyes Only." Plaintiffs will provide a sealed copy of the spreadsheet if the Court wishes.

March 19, 2014
Page 3

points" refer to, or where they are exactly, but on its face, the spreadsheet shows 16 rows of information per show, reflecting such basic pieces of information as the name of the artist, the date and location of the concert, and revenue and expense figures. This spreadsheet does not even begin to satisfy Defendant's obligations with respect to Plaintiffs' Document Request No. 20.

Judge Mannion conducted the August 7, 2013 hearing against the backdrop of specific discovery requests. His Order makes clear that he treated the hearing as one arguing a Motion to Compel. *See* Docket Entry No. 40, p. 50. Judge Mannion granted this Motion to Compel in the context of particular discovery requests. In the case of the disputed documents at issue here, the specific request was Document Request No. 20. Judge Mannion granted Plaintiffs' Motion to Compel Document Request No. 20 with the only modification to Request No. 20 being that he set out a specific geographical region for which Defendant was obligated to produce documents. *See* Docket Entry No. 40, pp 53-54. Judge Mannion did not modify the governing definition of "document," as set out in Plaintiffs' Requests, in any other way. As is typically the case, "document" was defined by Plaintiffs to include, among many other examples, such things as letters, facsimiles, emails, work papers, spreadsheets, data sheets, analyses, calculations, etc. The lone spreadsheet produced by Defendant, notwithstanding that it is allegedly awash in "data points," does not include any of these categories of documents, let alone any of the others enumerated in the definition of "document" contained in Plaintiffs' Requests. Indeed, it is a spreadsheet prepared in response to Interrogatory No.8-not a document production responsive to Document Request No. 20.

Defendant's spreadsheet identifies 246 concerts in the time frame and geographical region ruled relevant by Judge Mannion. Common sense dictates that Defendant could not have produced all these events without its employees engaging in correspondence about the shows, with the artists, their agents, the venue operators, and other vendors. Defendant would have negotiated with agents for their artists' appearance at such shows. Such correspondence is only the most obvious category of documents which Defendant has failed to produce. Another, only slightly less obvious category would be all the supporting documents which lay behind the summary results shown on the spreadsheet. For example, Plaintiffs have no way of verifying the accuracy of the revenue and expense numbers shown on the spreadsheet without being able to review supporting documentation for those figures.

**Conclusion**

Defendant was ordered to produce the documents at issue here in August, 2013. As of March, 18, 2014, it still has not done so. It neither moved the Court for a reconsideration of the August, 2013 Order, nor did it appeal the Order. Rather, apparently in bad faith, it led Plaintiffs to believe for much of the last several months that responsive documents would be forthcoming. When the latest discovery cutoff point began looming on the calendar, Plaintiffs again conferred with Defendant about these documents and were told, for the first time, that Defendant was considering whether any more documents would be produced. This change of position necessitated Plaintiffs bringing the matter to the Court.

March 19, 2014
Page 4

Defendant has clearly not complied with Judge Mannion's Order. A single spreadsheet, summarizing various categories of information, is no substitute for actual documents. The most glaring omission, though there are numerous others, is that Defendant has produced no correspondence at all about the shows listed on its spreadsheet. Plaintiff's position should be crystal clear at this point: they should not now be required to re-argue the merits of their motion to compel which was already ruled on last August. Defendant lost that argument, subject to the geographical limitation imposed by Judge Mannion on Plaintiffs Document Request No. 20. Defendant did not challenge Judge Mannion's Order through either of the available procedural devices.

The Court should be considering appropriate sanctions at this point, not entertaining more argument about whether the documents sought by Plaintiffs are discoverable. However, to the extent that the Court is inclined to consider whether Plaintiffs should be entitled to the requested documents, we respectfully direct the Court to the joint letter submitted by the parties prior to the August 2013 conference, Docket Entry No. 36, as well as the transcript of the hearing, Docket Entry No. 40. As both the letter and the transcript make clear, the central thrust of the Plaintiffs' position was that they needed actual underlying documents, as opposed to summary sheets or boilerplate stipulations from Defendant, to discover the true nature of the relationship Defendant has with agents and artists. It was against this backdrop, and having heard Defendant's objections, that Judge Mannion issued his ruling. Defendant never argued that it should be able to provide a report summarizing data in lieu of producing documents, nor did the Court suggest that such a summary report would be acceptable. Defendant has offered absolutely no justification for revisiting Judge Mannion's Order long past the time for doing so has run, and its obvious desire for a second crack at these issues, with a different Judge, does not constitute a legal argument.

Sincerely,

David S. Siegel

cc: Ian Marx, Esq. (VIA CM/ECF)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932