

AJAMIE LLP

HOUSTON
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002

NEW YORK
460 Park Avenue - 21st Floor
New York, New York 10022

713 860 1600 telephone
713 860 1699 facsimile
www.ajamie.com

David S. Siegel
dsiegel@ajamie.com

**VIA CM/ECF**                                          February 25, 2015

Honorable Cathy L. Waldor, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

    Re: *Juice Entertainment, LLC, et al. v. Live Nation Entertainment, Inc.*
       Civil Action No. 11-07318 (WHW) (CLW)

Dear Judge Waldor:

  We represent Plaintiffs Juice Entertainment, LLC, Thomas Dorfman, and Chris Barrett ("Plaintiffs") in the above-captioned matter. We write pursuant to the status conference telephone call held on February 11, 2015. During that call there was discussion of the pending discovery dispute involving documents related to electronic dance music concerts produced by Defendant Live Nation Entertainment, Inc. ("Live Nation"). This letter serves as a very brief summary of Plaintiffs' position on the discovery dispute. Plaintiffs fully set out their position in two previous letters to the Court. These letters were dated March 7, 2014 and March 19, 2014, and may be found at ECF No. 45 and ECF No. 48, respectively.

  First, Live Nation has waived the right to argue about whether it should have to produce the requested documents. As we detailed in our prior letters, Judge Mannion ruled in August 2013 that Live Nation was obligated to produce the requested documents concerning the concerts in question, within a narrow geographic area. Live Nation failed to follow the proper procedure for challenging Judge Mannion's ruling. Live Nation neither moved for reconsideration nor filed an appeal. Instead, Live Nation strung Plaintiffs along, leading them to believe that the documents would be forthcoming. These documents were the subject of multiple conversations and emails between counsel for both sides. As discovery was proceeding to a close, it became imperative for Plaintiffs to bring the matter before Your Honor in March 2014. Until that point, Plaintiffs were unaware that Live Nation was not gathering the ordered discovery because they never affirmatively sought relief from the Court for their perceived burden. Another year has now passed and Live Nation still has not produced the requested documents.

Second, the requested documents are relevant or are likely to lead to relevant evidence. Plaintiffs have requested documents reflecting the financial operating results of the concerts, which is relevant to our damages analysis. Plaintiffs have also requested correspondence about the concerts. Live Nation has produced email correspondence between itself and artists or their agents concerning a very small number of concerts. This demonstrates that such correspondence would typically occur in the planning stages of any concert. This comports with common sense-a concert simply cannot happen without advanced discussions between Live Nation and the artists, agents, and venue owner/operator. Plaintiffs' central theory of liability is that Live Nation has sufficient clout to dictate to artists and their agents where they want artists to appear and not appear. Therefore, contrary to Live Nation's position, even though the concerts in question are distinct from the one at the center of this dispute, correspondence about those other concerts could easily shed light on the key issue of whether Live Nation has the power to direct where artists appear.

Third, Live Nation can be expected to argue that it would be too burdensome for it to gather the correspondence related to the identified concerts. As counsel for Live Nation conceded during the February 11th phone conference, Live Nation has the burden of proving that any burden associated with producing the requested documents outweighs Plaintiffs' need for the documents. Live Nation has not made any such showing to this point. Plaintiffs' understanding is that there might be between 20 and 30 custodians of the relevant correspondence within Live Nation. On its face this would not appear to present an undue burden of production for Live Nation. However, given that Plaintiffs have not yet had an opportunity to review and digest Live Nation's submission on this point, Plaintiffs respectfully request an opportunity to submit a brief reply letter shortly after Live Nation's submission if Plaintiffs feel that they have anything to add to the argument.

Sincerely

*David S. Siegel*

David S. Siegel

cc:   Ian S. Marx, Esquire *(VIA CM/ECF)*
      GREENBERG TRAURIG, LLP
      200 Park Avenue
      Florham Park, New Jersey 07932