# EXHIBIT 14



## PROMISSORY NOTE
## (LUMP-SUM PAYMENT)

$300,000.00

**Between**
John Sandberg, Thomas Dorfman, Chris Barrett, Juice Entertainment
and
John and Georgianne Chiusolo

This promissory note (the "Note") is made and effective February 16th, 2011, by and between John Sandberg, Thomas Dorfman, Chris Barrett and Juice Entertainment LLC NJID # 04002855237 EIN# 26-4800681 (the borrower) and John Chiusolo (the "Payee").

1. **PROMISE OF PAYMENT.**

FOR VALUE RECEIVED, the Borrower jointly and severally promises to pay to the Payee, at 265 Spring Valley Ave, Hackensack, NJ , 07601 or at such other place as the Payee may designate in writing, the principal amount of THREE HUNDRED THOUSAND Dollars ($ 300,000.00), together with an undetermined value to be equal to 25% of Juice Entertainment's net profit share for events to be held on June 25th and June 26th, 2011 at the Meadowlands Fair concert grounds, located in East Rutherford, NJ. Payee is not entitled to any profits from future events held at the Meadowland's Fair or any other venue retained by Juice Entertainment or its share holders and holds no rights to any future profits after the consummation of the above referenced event. All monies received are to be deposited by the borrower immediately into an account to be established at The Provident Bank located at 562 Lexington Ave, Clifton, NJ 07011 . Any commingling of funds in this account will result in immediate breach of contract and all monies will immediately be returned to payee. Account information will be immediately furnished upon request to the Payee.

**PAYMENT.**

The entire principal balance, including any accrued interest and net profit share, shall be due and payable in full on or before the 10th day of July, 2011.

2. **PREPAYMENT.**

The Borrower may prepay this Note, in whole or in part, at any time before maturity without penalty or premium. Payee is still entitled to 25% of Juice Entertainments net profit from any event ("Under One Sky") held on June 25th and 26th, 2011.

3. **EVENTS OF DEFAULT.**

The Borrower will be deemed to be in default under this Note on the occurrence of

either of the following events (each an "Event of Default"): (i) on the filing regarding the Borrower of any voluntary or involuntary petition for relief under the United States Bankruptcy Code or the initiation of any proceeding under federal law or law of any other jurisdiction for the general relief of debtors; or (ii) upon the execution by the Borrower of an assignment for the benefit of creditors or the appointment of a receiver, custodian, trustee, or similar party to take possession of the Borrower's assets or property.

4. **ACCELERATION; REMEDIES ON DEFAULT.**

On the occurrence of any Event of Default, at the option of the Payee, all principal and other amounts owed under this Note shall become immediately due and payable without notice or demand by the Payee, and the Payee, in addition to its rights and remedies under this Note, may pursue any legal or equitable remedies that are available to it.

5. **WAIVER OF PRESENTMENT; DEMAND.**

The Borrower hereby waives presentment, demand, notice of dishonor, notice of default or delinquency, notice of protest and nonpayment, notice of costs, expenses or losses and interest thereon, notice of interest on interest and late charges, and diligence in taking any action to collect any sums owing under this Note, including (to the extent permitted by law) waiving the pleading of any statute of limitations as a defense to any demand against the undersigned. Acceptance by the Payee or holder of this note of any payment differing from the designated lump-sum payment listed above does not relieve the undersigned of the obligation to honor the requirements of this Note.

6. **SUCCESSORS AND ASSIGNS.**

All references in this Note to the Borrower and the Payee shall be deemed to include, as applicable, a reference to their respective successors and assigns. The provisions of this Note shall be binding upon and shall inure to the benefit of the successors and assigns of the Borrower and the Payee.

7. **NOTICE.**

Any notice or other communication provided for herein or given hereunder to a party hereto shall be in writing and shall be given in person, by overnight courier, or by mail (registered or certified mail, postage prepaid, return receipt requested) to the respective party as follows:

If to the Payee:
John and Georgianne Chiusolo
275 Spring Valley Ave
Hackensack, NJ 07601

Confidential

JUICE0000397

If to the Borrower:
Juice Entertainment, LLC
471 N. Midland Ave
Saddle Brook, NJ 07633

8. **GOVERNING LAW.**

This Note shall be governed as to validity, interpretation, construction, effect, and in all other respects by the laws and decisions of the State of New Jersey, without regards to its conflict-of-law provisions. The Borrower hereby irrevocably consents to the jurisdiction of the courts of Bergen County, New Jersey with respect to any matter arising under this Note, and further irrevocably consents to service of process by hand delivery to the address listed above for the Borrower.

9. **ENTIRE AGREEMENT.**

This Note constitutes the final, complete, and exclusive statement of the agreement of the parties with respect to the subject matter hereof, and supersedes any and all other prior and contemporaneous agreements and understandings, both written and oral, between the parties.

10. **NO IMPLIED WAIVER.**

The Payee's failure to exercise any right or remedy provided in this Note shall not be construed as a waiver of any future exercise of that right or exercise of any other right or remedy to which the Payee may be entitled.

11. **COLLECTION COSTS AND ATTORNEYS' FEES.**

The Borrower agrees to pay any and all costs incurred by the Payee in collecting sums payable under this Note, including reasonable attorneys' fees and court costs in addition to other amounts due, without protest of any kind.

12. **SEVERABILITY.**

If one or more of the provisions of this Note shall be declared or held to be invalid, illegal, or unenforceable in any respect in any jurisdiction, the validity, legality, and enforceability of the remaining provisions hereof shall not in any way be affected or impaired thereby and any such declaration or holding shall not invalidate or render unenforceable such provision in any other jurisdiction.

13. All references to "borrower" shall mean the individials and the LLC listed in the first paragraph, jointly and severally.

Confidential

JUICE0000398

**IN WITNESS WHEREOF**, the parties have executed this Note as of the date first above written.

| PAYEE | John Chiusolo<br>*John Chiusolo*<br><br>Print Name: *JhnChusolo*<br><br>Signature<br>*GeorgianneChiusolo*<br><br>Georgianne Chiusolo<br>*GeorgianneChiusolo*<br><br>Print Name:<br><br>Signature: |
|---|---|

Confidential

JUICE0000399

| BORROWER | Juice Entertainment, John Sandberg, Thomas Dorfman, Chris Barrett |
|---|---|
| | Print Name: John Sandberg |
| | Signatature: *(signed)* |
| | Print Name: THOMAS DORFMAN |
| | Signature: *(signed)* |
| | Print Name: Christopher Barrett |
| | Signature: *(signed)* |

Confidential

JUICE0000400