# EXHIBIT C

## Marx, Ian (Shld-NJ-LT)

**From:** David S.Siegel <dsiegel@ajamie.com>
**Sent:** Monday, April 15, 2013 4:34 PM
**To:** Marx, Ian (Shld-NJ-LT)
**Subject:** subpoenas
**Attachments:** DOC041513-04152013152806.pdf

Ian,

Here are copies of the subpoenas we are having served. As you can see we just requested service late last week. I'm not sure if any has actually been served yet, but in any event, here they are.

Sincerely,

David S. Siegel, Esq.
AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, Texas 77002
www.ajamie.com
713 860 1601 telephone
713 860 1699 facsimile

***CONFIDENTIALITY NOTICE***
This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information subject to the attorney-client privilege or attorney work product immunity from disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message on your workstation and network. Please virus check all attachments to prevent widespread contamination and corruption of files and operating systems.

-----Original Message-----
From: Toshiba [mailto:ajamiescan@ajamie.com]
Sent: Monday, April 15, 2013 3:29 PM
To: David S.Siegel
Subject: Send data from 10.10.10.220 04/15/2013 15:28

Scanned from 10.10.10.220

Date: 04/15/2013 15:28
Pages: 36
Resolution: 200x200 DPI
---------------------------------------

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| Juice Entertainment LLC, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.   11-7079 |
| v. | ) | |
| Live  Nation Entertainment, Inc. | ) | |
| *Defendant* | ) | (If the action is pending in another district, state where:  ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:     William Morris Endeavor Entertainment LLC
        1325 Avenue Of The Americas, New York, NY 10019

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A attached hereto.

| Place: Stone & Magnanini LLP<br>150 JFK Parkway, 4th floor<br>Short Hills, NJ 07078 | Date and Time:<br><br>05/15/2013 9:30 am |
|---|---|

The deposition will be recorded by this method:   Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit B attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    04/12/2013

        *CLERK OF COURT*
                                                OR

        _____                _____
        *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Juice Entertainment LLC, Thomas Dorfman and Chris Barrett                                who issues or requests this subpoena, are:

        Amy Walker Wagner, Esq., Stone & Magnanini LLP, 150 JFK Parkway, 4th floor, Short Hills, NJ 07078
        Telephone: (973) 218-1111  Email: awagner@stonemagnalaw.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11-7079

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                  _____
                                                            *Server's signature*

                                                            _____
                                                            *Printed name and title*


                                                            _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT A

## DEFINITIONS

1.      "Juice" refers to Juice Entertainment, LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

2.      "Dorfman" refers to Plaintiff Thomas Dorfman and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

3.      "Barrett" refers to Plaintiff Chris Barrett and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

4.      "You" or "Your" refers to William Morris Endeavor Entertainment LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

5.      "Matter" refers to the above-captioned action filed in the United States District Court for the District of New Jersey and assigned Docket No. 11-07318 (WHW).

6.      "Complaint" refers the First Amended Complaint filed on or about September 4, 2012 in this Matter.

7.      "Artists" refers to musical performers, including, but not limited to, singers, musicians, disc jockeys ("DJs"), and electronic musicians.

8.      "Person" or "persons" or "entity" refers to natural persons as well as firms, partnerships, associations, institutions, joint ventures, governmental entities, administrative agencies, professional associations, corporations, and every other organization of whatever sort and his, her or its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his, her or its behalf.

9.    "Your agents" refers to any person or entity acting on Your behalf in connection with this Matter.

10.    "Live Nation" refers to Defendant Live Nation Entertainment, Inc. and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

11.    "SFEM" refers to State Fair Event Management and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

12.    "Promote," "Promoted" or "Promoting" refers to any work or action Live Nation or its agents have undertaken in connection with any electronic dance concert, event or festival or live music concert, event or festival including but not limited to production, booking artists, negotiating contracts, advertising, design and logistics.

13.    The "Subject Matter of this Case" refers to the factual allegations and the legal and equitable claims and defenses advanced in the Complaint and Answer.

14.    "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody, or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices or storage media, diskettes, videotape, audio tape, or photographic film.  "Document" means and includes, by way of example, any type of written, recorded, electronic, graphic or photographic matter of any kind or character, however produced or reproduced. The term thus includes, without limiting the generality of the foregoing, all photographs, sketches, drawings, videotapes, audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, electronic or computerized data compilations, word processor text, spreadsheets,

2

slide presentations, cancelled checks (front and back), correspondence, brochures, manuals, press releases, transcripts of interviews, transcripts of speeches, product guides, contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers, plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files (and their contents), notes to the files, reports, publications, mechanical and electronic sound recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, receipts and invoices, tax records and forms, court pleadings and papers, discovery requests and responses including originals and copies of any of the foregoing, any material underlying, supporting or used in preparing any document, and any tangible object(s) other than a document, including without limitation, prototypes, models, specimens, computer disks and tapes, videotapes and audiotapes. A draft or non-identical copy is a separate document within the meaning of this term. The term "documents" includes all documents, by whomever prepared, within the possession, custody, or control of the party to whom these discovery requests are addressed.

15. "Event" refers to any live music concert, festival, group of live music concerts, or live show at which one or more artists performs.

16. "Appearance" refers to an artist performing at any live music concert, group of live music concerts, show or festival.

17. "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among two or more persons, companies, subsidiaries, or affiliates,

including any of the directors, officers, employees, or representatives thereof, whether face-to-face, by telephone, voice mail, or by means of written, electronic, or other medium.

18.     "Possession, custody, or control" means actual or constructive possession, custody, or control. Any document that is not in a person's immediate physical possession, but which the person has a right to compel a third person to produce, or which is otherwise subject to the control of the person in question is within that person's possession, custody, or control.

19.     "Concerning" is used herein in its broadest sense, and includes but is not limited to, consisting of, directly or indirectly referring to, alluding to, having any relationship to, pertaining to, regarding, comprising, reflecting, discussing, underlying, commenting upon, forming the basis for, analyzing, or mentioning the subject of or constituting or embodying in whole or in part.

20.     The term "storage media" refers to memory that is used to store computer data, including, without limitation, hard disks, floppy disks, CDs, DVDs, flash drives or other memory devices.

## TOPICS FOR DEPOSITION

a.    An electronic dance event which was to be held at the New Jersey State Fair on or about June 25-26, 2011 at The Meadowlands.

b.    Any correspondence or communications between You or Your agents, including, but not limited to, Joel Zimmerman, Alex Chaykin, Steve Hogan, Peter Wiederlight, and any representative or agent of Area Events, including, but not limited to, John Dimatteo, concerning the appearance of any artists represented by You at the electronic dance event at the New Jersey State Fair in 2011 at The Meadowlands.

c.    Any correspondence or communications between You or Your agents, including, but not limited to, Joel Zimmerman, Alex Chaykin, Steve Hogan, Peter Wiederlight, and any representative or agent of Live Nation, including, but not limited to, Jason Miller and John D'Esposito, concerning any music concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

d.    Any correspondence or communications between You or Your agents, including, but not limited to, Joel Zimmerman, Alex Chaykin, Steve Hogan, Peter Wiederlight, and any representative or agent of Live Nation, including, but not limited to, Jason Miller and John D'Esposito, concerning any music concerts and/or events from December 2010 May 2011.

e.    Any correspondence or communications between You or Your agents  and any representative of Juice, including, but not limited to, Thomas Dorfman, Chris Barrett, Vito Bruno, and John Dimatteo, concerning any music concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

f.    All appearances by artists represented by You at any music concerts and/or events produced or promoted by Live Nation from 2008 to the present, including the dates and locations of such appearances as well as the fee paid to the artist to appear.

g.    The nature of the business relationship between You and Live Nation, including, but not limited to, whether there are any exclusivity agreements requiring artists represented by You to agree not to appear at certain events, and the volume of business transacted by You with Live Nation between 2008 and the present.

# EXHIBIT "B"

## DEFINITIONS

1.     "Juice" refers to Juice Entertainment, LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

2.     "Dorfman" refers to Plaintiff Thomas Dorfman and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

3.     "Barrett" refers to Plaintiff Chris Barrett and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

4.     "You" or "Your" refers to William Morris Endeavor Entertainment LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

5.     "Matter" refers to the above-captioned action filed in the United States District Court for the District of New Jersey and assigned Docket No. 11-07318 (WHW).

6.     "Complaint" refers the First Amended Complaint filed on or about September 4, 2012 in this Matter.

7.     "Artists" refers to musical performers, including, but not limited to, singers, musicians, disc jockeys ("DJs"), and electronic musicians.

8.     "Person" or "persons" or "entity" refers to natural persons as well as firms, partnerships, associations, institutions, joint ventures, governmental entities, administrative agencies, professional associations, corporations, and every other organization of whatever sort

and his, her or its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his, her or its behalf.

9.    "Your agents" refers to any person or entity acting on Your behalf in connection with this Matter.

10.    "Live Nation" refers to Defendant Live Nation Entertainment, Inc. and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

11.    "SFEM" refers to State Fair Event Management and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

12.    "Promote," "Promoted" or "Promoting" refers to any work or action Live Nation or its agents have undertaken in connection with any electronic dance concert, event or festival or live music concert, event or festival including but not limited to production, booking artists, negotiating contracts, advertising, design and logistics.

13.    The "Subject Matter of this Case" refers to the factual allegations and the legal and equitable claims and defenses advanced in the Complaint and Answer.

14.    "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody, or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices or storage media, diskettes, videotape, audio tape, or photographic film.  "Document" means and includes, by way of example, any type of written, recorded, electronic, graphic or photographic matter of any kind or character, however produced or reproduced. The term thus includes, without limiting the generality of the foregoing,

2

all photographs, sketches, drawings, videotapes, audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, electronic or computerized data compilations, word processor text, spreadsheets, slide presentations, cancelled checks (front and back), correspondence, brochures, manuals, press releases, transcripts of interviews, transcripts of speeches, product guides, contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers, plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files (and their contents), notes to the files, reports, publications, mechanical and electronic sound recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, receipts and invoices, tax records and forms, court pleadings and papers, discovery requests and responses including originals and copies of any of the foregoing, any material underlying, supporting or used in preparing any document, and any tangible object(s) other than a document, including without limitation, prototypes, models, specimens, computer disks and tapes, videotapes and audiotapes. A draft or non-identical copy is a separate document within the meaning of this term. The term "documents" includes all documents, by whomever prepared, within the possession, custody, or control of the party to whom these discovery requests are addressed.

15.    "Event" refers to any live music concert, festival, group of live music concerts, or live show at which one or more artists performs.

16.    "Appearance" refers to an artist performing at any live music concert, group of live music concerts, show or festival.

17.    "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among two or more persons, companies, subsidiaries, or affiliates, including any of the directors, officers, employees, or representatives thereof, whether face-to-face, by telephone, voice mail, or by means of written, electronic, or other medium.

18.    "Possession, custody, or control" means actual or constructive possession, custody, or control. Any document that is not in a person's immediate physical possession, but which the person has a right to compel a third person to produce, or which is otherwise subject to the control of the person in question is within that person's possession, custody, or control.

19.    "Concerning" is used herein in its broadest sense, and includes but is not limited to, consisting of, directly or indirectly referring to, alluding to, having any relationship to, pertaining to, regarding, comprising, reflecting, discussing, underlying, commenting upon, forming the basis for, analyzing, or mentioning the subject of or constituting or embodying in whole or in part.

20.    The term "storage media" refers to memory that is used to store computer data, including, without limitation, hard disks, floppy disks, CDs, DVDs, flash drives or other memory devices.

## REQUESTED DOCUMENTS

Under Federal Rules of Civil Procedure 30(b)(2) and 45(a)(1)(A)(iii), William Morris Endeavor Entertainment LLC is requested to produce the following discoverable information at the deposition:

a.   All documents and communications concerning any concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

b.   All documents and communications concerning any offers received for artists represented by You to appear at any concerts in conjunction with the 2011 New Jersey State Fair at The Meadowlands.

c.   All documents and communications concerning any contracts for artists represented by You to appear at any event produced or promoted by Live Nation from 2008 to the present.

d.   All documents and communications evidencing the volume of business transacted by You with Live Nation from 2008 to the present.

e.   All documents and communications concerning any meeting between You and Live Nation and its representatives, including but not limited to Jason Miller and John D'Esposito, concerning the 2011 New Jersey State Fair at The Meadowlands.

f.   All documents and communications concerning any exclusivity agreements between You and Live Nation pursuant to which artists represented by You are required to limit the venues at which they appear, by geography, time, or any other limiting factor.

g.   All documents and communications concerning any correspondence between you and Juice and its representatives, including but not limited to Thomas Dorfman, Chris Barrett, Vito Bruno and John Dimatteo, regarding any events, concerts and/or festivals promoted or produced by Juice.

h.   All documents and communications concerning any correspondence between You and Live Nation and its representatives, including but not limited to Jason Miller and John D'Esposito, regarding any events, concerts and/or events at The Meadowlands between 2008 and the present.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of New Jersey

| | | |
|---|---|---|
| Juice Entertainment LLC, et al. | ) | |
| *Plaintiff* | ) | Civil Action No.  11-7079 |
| v. | ) | |
| Live  Nation Entertainment, Inc. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      The Windish Agency
         580 Broadway, Suite 1200, New York, NY 10012

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
         See Exhibit A attached hereto.

| Place: Stone & Magnanini LLP | Date and Time: |
|---|---|
| 150 JFK Parkway, 4th floor | |
| Short Hills, NJ 07078 | 05/16/2013 9:30 am |

The deposition will be recorded by this method:   Stenographic and Videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

         See Exhibit B attached hereto.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:      04/12/2013

         *CLERK OF COURT*
                                                OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Juice Entertainment LLC,
Thomas Dorfman and Chris Barrett
_____ , who issues or requests this subpoena, are:

         Amy Walker Wagner, Esq., Stone & Magnanini LLP, 150 JFK Parkway, 4th floor, Short Hills, NJ 07078
         Telephone: (973) 218-1111  Email: awagner@stonemagnalaw.com

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  11-7079

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                          _____
                                                                 *Server's signature*

                                                                 _____
                                                                 *Printed name and title*


                                                                 _____
                                                                 *Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT A

## DEFINITIONS

1.     "Juice" refers to Juice Entertainment, LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

2.     "Dorfman" refers to Plaintiff Thomas Dorfman and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

3.     "Barrett" refers to Plaintiff Chris Barrett and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

4.     "You" or "Your" refers to The Windish Agency, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

5.     "Matter" refers to the above-captioned action filed in the United States District Court for the District of New Jersey and assigned Docket No. 11-07318 (WHW).

6.     "Complaint" refers the First Amended Complaint filed on or about September 4, 2012 in this Matter.

7.     "Artists" refers to musical performers, including, but not limited to, singers, musicians, disc jockeys ("DJs"), and electronic musicians.

8.     "Person" or "persons" or "entity" refers to natural persons as well as firms, partnerships, associations, institutions, joint ventures, governmental entities, administrative agencies, professional associations, corporations, and every other organization of whatever sort and his, her or its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his, her or its behalf.

9.     "Your agents" refers to any person or entity acting on Your behalf in connection with this Matter.

10.     "Live Nation" refers to Defendant Live Nation Entertainment, Inc. and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

11.     "SFEM" refers to State Fair Event Management and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

12.     "Promote," "Promoted" or "Promoting" refers to any work or action Live Nation or its agents have undertaken in connection with any electronic dance concert, event or festival or live music concert, event or festival including but not limited to production, booking artists, negotiating contracts, advertising, design and logistics.

13.     The "Subject Matter of this Case" refers to the factual allegations and the legal and equitable claims and defenses advanced in the Complaint and Answer.

14.     "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody, or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices or storage media, diskettes, videotape, audio tape, or photographic film. "Document" means and includes, by way of example, any type of written, recorded, electronic, graphic or photographic matter of any kind or character, however produced or reproduced. The term thus includes, without limiting the generality of the foregoing, all photographs, sketches, drawings, videotapes, audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, electronic or computerized data compilations, word processor text, spreadsheets,

slide presentations, cancelled checks (front and back), correspondence, brochures, manuals, press releases, transcripts of interviews, transcripts of speeches, product guides, contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers, plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files (and their contents), notes to the files, reports, publications, mechanical and electronic sound recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, receipts and invoices, tax records and forms, court pleadings and papers, discovery requests and responses including originals and copies of any of the foregoing, any material underlying, supporting or used in preparing any document, and any tangible object(s) other than a document, including without limitation, prototypes, models, specimens, computer disks and tapes, videotapes and audiotapes. A draft or non-identical copy is a separate document within the meaning of this term. The term "documents" includes all documents, by whomever prepared, within the possession, custody, or control of the party to whom these discovery requests are addressed.

15.     "Event" refers to any live music concert, festival, group of live music concerts, or live show at which one or more artists performs.

16.     "Appearance" refers to an artist performing at any live music concert, group of live music concerts, show or festival.

17.     "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among two or more persons, companies, subsidiaries, or affiliates,

including any of the directors, officers, employees, or representatives thereof, whether face-to-face, by telephone, voice mail, or by means of written, electronic, or other medium.

18.    "Possession, custody, or control" means actual or constructive possession, custody, or control. Any document that is not in a person's immediate physical possession, but which the person has a right to compel a third person to produce, or which is otherwise subject to the control of the person in question is within that person's possession, custody, or control.

19.    "Concerning" is used herein in its broadest sense, and includes but is not limited to, consisting of, directly or indirectly referring to, alluding to, having any relationship to, pertaining to, regarding, comprising, reflecting, discussing, underlying, commenting upon, forming the basis for, analyzing, or mentioning the subject of or constituting or embodying in whole or in part.

20.    The term "storage media" refers to memory that is used to store computer data, including, without limitation, hard disks, floppy disks, CDs, DVDs, flash drives or other memory devices.

## TOPICS FOR DEPOSITION

a.    An electronic dance event which was to be held at the New Jersey State Fair on or about June 25-26, 2011 at The Meadowlands.

b.    Any correspondence or communications between You or Your agents, including, but not limited to, Steve Goodgold, and any representative or agent of Area Events, including, but not limited to, John Dimatteo, concerning the appearance of any artists represented by You at the electronic dance event at the New Jersey State Fair in 2011 at The Meadowlands.

c.    Any correspondence or communications between You or Your agents, including, but not limited to, Steve Goodgold, and any representative or agent of Live Nation, including, but not limited to, Jason Miller and John D'Esposito, concerning any music concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

d.    Any correspondence or communications between You or Your agents, including, but not limited to, Steve Goodgold, and any representative or agent of Live Nation, including, but not limited to, Jason Miller and John D'Esposito, concerning any music concerts and/or events from December 2010 May 2011.

e.    Any correspondence or communications between You or Your agents and any representative of Juice, including, but not limited to, Thomas Dorfman, Chris Barrett, Vito Bruno, and John Dimatteo, concerning any music concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

f.    All appearances by artists represented by You at any music concerts and/or events produced or promoted by Live Nation from 2008 to the present, including the dates and locations of such appearances as well as the fee paid to the artist to appear.

g.    The nature of the business relationship between You and Live Nation, including, but not limited to, whether there are any exclusivity agreements requiring artists represented by You to agree not to appear at certain events, and the volume of business transacted by You with Live Nation between 2008 and the present.

# EXHIBIT "B"

## DEFINITIONS

1.    "Juice" refers to Juice Entertainment, LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

2.    "Dorfman" refers to Plaintiff Thomas Dorfman and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

3.    "Barrett" refers to Plaintiff Chris Barrett and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

4.    "You" or "Your" refers to The Windish Agency, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

5.    "Matter" refers to the above-captioned action filed in the United States District Court for the District of New Jersey and assigned Docket No. 11-07318 (WHW).

6.    "Complaint" refers the First Amended Complaint filed on or about September 4, 2012 in this Matter.

7.    "Artists" refers to musical performers, including, but not limited to, singers, musicians, disc jockeys ("DJs"), and electronic musicians.

8.    "Person" or "persons" or "entity" refers to natural persons as well as firms, partnerships, associations, institutions, joint ventures, governmental entities, administrative agencies, professional associations, corporations, and every other organization of whatever sort

and his, her or its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his, her or its behalf.

9.      "Your agents" refers to any person or entity acting on Your behalf in connection with this Matter.

10.     "Live Nation" refers to Defendant Live Nation Entertainment, Inc. and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

11.     "SFEM" refers to State Fair Event Management and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

12.     "Promote," "Promoted" or "Promoting" refers to any work or action Live Nation or its agents have undertaken in connection with any electronic dance concert, event or festival or live music concert, event or festival including but not limited to production, booking artists, negotiating contracts, advertising, design and logistics.

13.     The "Subject Matter of this Case" refers to the factual allegations and the legal and equitable claims and defenses advanced in the Complaint and Answer.

14.     "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody, or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices or storage media, diskettes, videotape, audio tape, or photographic film. "Document" means and includes, by way of example, any type of written, recorded, electronic, graphic or photographic matter of any kind or character, however produced or reproduced. The term thus includes, without limiting the generality of the foregoing,

all photographs, sketches, drawings, videotapes, audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, electronic or computerized data compilations, word processor text, spreadsheets, slide presentations, cancelled checks (front and back), correspondence, brochures, manuals, press releases, transcripts of interviews, transcripts of speeches, product guides, contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers, plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files (and their contents), notes to the files, reports, publications, mechanical and electronic sound recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, receipts and invoices, tax records and forms, court pleadings and papers, discovery requests and responses including originals and copies of any of the foregoing, any material underlying, supporting or used in preparing any document, and any tangible object(s) other than a document, including without limitation, prototypes, models, specimens, computer disks and tapes, videotapes and audiotapes. A draft or non-identical copy is a separate document within the meaning of this term. The term "documents" includes all documents, by whomever prepared, within the possession, custody, or control of the party to whom these discovery requests are addressed.

15.    "Event" refers to any live music concert, festival, group of live music concerts, or live show at which one or more artists performs.

16.    "Appearance" refers to an artist performing at any live music concert, group of live music concerts, show or festival.

17.    "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among two or more persons, companies, subsidiaries, or affiliates, including any of the directors, officers, employees, or representatives thereof, whether face-to-face, by telephone, voice mail, or by means of written, electronic, or other medium.

18.    "Possession, custody, or control" means actual or constructive possession, custody, or control. Any document that is not in a person's immediate physical possession, but which the person has a right to compel a third person to produce, or which is otherwise subject to the control of the person in question is within that person's possession, custody, or control.

19.    "Concerning" is used herein in its broadest sense, and includes but is not limited to, consisting of, directly or indirectly referring to, alluding to, having any relationship to, pertaining to, regarding, comprising, reflecting, discussing, underlying, commenting upon, forming the basis for, analyzing, or mentioning the subject of or constituting or embodying in whole or in part.

20.    The term "storage media" refers to memory that is used to store computer data, including, without limitation, hard disks, floppy disks, CDs, DVDs, flash drives or other memory devices.

## REQUESTED DOCUMENTS

Under Federal Rules of Civil Procedure 30(b)(2) and 45(a)(1)(A)(iii), The Windish Agency is requested to produce the following discoverable information at the deposition:

a.  All documents and communications concerning any concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

b.  All documents and communications concerning any offers received for artists represented by You to appear at any concerts in conjunction with the 2011 New Jersey State Fair at The Meadowlands.

c.  All documents and communications concerning any contracts for artists represented by You to appear at any event produced or promoted by Live Nation from 2008 to the present.

d.  All documents and communications evidencing the volume of business transacted by You with Live Nation from 2008 to the present.

e.  All documents and communications concerning any meeting between You and Live Nation and its representatives, including but not limited to Jason Miller and John D'Esposito, concerning the 2011 New Jersey State Fair at The Meadowlands.

f.  All documents and communications concerning any exclusivity agreements between You and Live Nation pursuant to which artists represented by You are required to limit the venues at which they appear, by geography, time, or any other limiting factor.

g.  All documents and communications concerning any correspondence between you and Juice and its representatives, including but not limited to Thomas Dorfman, Chris Barrett, Vito Bruno and John Dimatteo, regarding any events, concerts and/or festivals promoted or produced by Juice.

h.  All documents and communications concerning any correspondence between You and Live Nation and its representatives, including but not limited to Jason Miller and John D'Esposito, regarding any events, concerts and/or events at The Meadowlands between 2008 and the present.

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of New Jersey

| | | |
|---|---|---|
| Juice Entertainment LLC, et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   11-7079 |
| Live  Nation Entertainment, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) |                                    ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:      AM Only, Inc.
         55 Washington Street, Suite 658, Brooklyn, NY 11201

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

   See Exhibit A attached hereto.

| Place: Stone & Magnanini LLP<br>150 JFK Parkway, 4th floor<br>Short Hills, NJ 07078 | Date and Time:<br>    05/14/2013 9:30 am |
|---|---|

  The deposition will be recorded by this method:   _Stenographic and Videotape_

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

    See Exhibit B attached hereto.

  The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:     _04/12/2013_

    *CLERK OF COURT*
              OR

    _____   _____
    *Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Juice Entertainment LLC,
Thomas Dorfman and Chris Barrett          , who issues or requests this subpoena, are:

   Amy Walker Wagner, Esq., Stone & Magnanini LLP, 150 JFK Parkway, 4th floor, Short Hills, NJ 07078
   Telephone: (973) 218-1111  Email: awagner@stonemagnalaw.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 11-7079

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                         *Server's signature*

                                _____
                                         *Printed name and title*

                                _____
                                         *Server's address*

Additional information regarding attempted service, etc:

## EXHIBIT A

## DEFINITIONS

1.    "Juice" refers to Juice Entertainment, LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

2.    "Dorfman" refers to Plaintiff Thomas Dorfman and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

3.    "Barrett" refers to Plaintiff Chris Barrett and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

4.    "You" or "Your" refers to AM Only Inc., including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

5.    "Matter" refers to the above-captioned action filed in the United States District Court for the District of New Jersey and assigned Docket No. 11-07318 (WHW).

6.    "Complaint" refers the First Amended Complaint filed on or about September 4, 2012 in this Matter.

7.    "Artists" refers to musical performers, including, but not limited to, singers, musicians, disc jockeys ("DJs"), and electronic musicians.

8.    "Person" or "persons" or "entity" refers to natural persons as well as firms, partnerships, associations, institutions, joint ventures, governmental entities, administrative agencies, professional associations, corporations, and every other organization of whatever sort and his, her or its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his, her or its behalf.

9.    "Your agents" refers to any person or entity acting on Your behalf in connection with this Matter.

10.    "Live Nation" refers to Defendant Live Nation Entertainment, Inc. and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

11.    "SFEM" refers to State Fair Event Management and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

12.    "Promote," "Promoted" or "Promoting" refers to any work or action Live Nation or its agents have undertaken in connection with any electronic dance concert, event or festival or live music concert, event or festival including but not limited to production, booking artists, negotiating contracts, advertising, design and logistics.

13.    The "Subject Matter of this Case" refers to the factual allegations and the legal and equitable claims and defenses advanced in the Complaint and Answer.

14.    "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody, or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices or storage media, diskettes, videotape, audio tape, or photographic film. "Document" means and includes, by way of example, any type of written, recorded, electronic, graphic or photographic matter of any kind or character, however produced or reproduced. The term thus includes, without limiting the generality of the foregoing, all photographs, sketches, drawings, videotapes, audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, electronic or computerized data compilations, word processor text, spreadsheets,

2

slide presentations, cancelled checks (front and back), correspondence, brochures, manuals, press releases, transcripts of interviews, transcripts of speeches, product guides, contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers, plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files (and their contents), notes to the files, reports, publications, mechanical and electronic sound recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, receipts and invoices, tax records and forms, court pleadings and papers, discovery requests and responses including originals and copies of any of the foregoing, any material underlying, supporting or used in preparing any document, and any tangible object(s) other than a document, including without limitation, prototypes, models, specimens, computer disks and tapes, videotapes and audiotapes. A draft or non-identical copy is a separate document within the meaning of this term. The term "documents" includes all documents, by whomever prepared, within the possession, custody, or control of the party to whom these discovery requests are addressed.

15.    "Event" refers to any live music concert, festival, group of live music concerts, or live show at which one or more artists performs.

16.    "Appearance" refers to an artist performing at any live music concert, group of live music concerts, show or festival.

17.    "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among two or more persons, companies, subsidiaries, or affiliates,

including any of the directors, officers, employees, or representatives thereof, whether face-to-face, by telephone, voice mail, or by means of written, electronic, or other medium.

18.    "Possession, custody, or control" means actual or constructive possession, custody, or control. Any document that is not in a person's immediate physical possession, but which the person has a right to compel a third person to produce, or which is otherwise subject to the control of the person in question is within that person's possession, custody, or control.

19.    "Concerning" is used herein in its broadest sense, and includes but is not limited to, consisting of, directly or indirectly referring to, alluding to, having any relationship to, pertaining to, regarding, comprising, reflecting, discussing, underlying, commenting upon, forming the basis for, analyzing, or mentioning the subject of or constituting or embodying in whole or in part.

20.    The term "storage media" refers to memory that is used to store computer data, including, without limitation, hard disks, floppy disks, CDs, DVDs, flash drives or other memory devices.

## TOPICS FOR DEPOSITION

a.    An electronic dance event which was to be held at the New Jersey State Fair on or about June 25-26, 2011 at The Meadowlands.

b.    Any correspondence or communications between You or Your agents, including, but not limited to, Joe Rosenberg, Alan Gary, Paul Morris, Emma Hoser, and Matthew Rodriguez, and any representative or agent of Area Events, including, but not limited to, John Dimatteo, concerning the appearance of any artists represented by You at the electronic dance event at the New Jersey State Fair in 2011 at The Meadowlands.

c.    Any correspondence or communications between You or Your agents, including, but not limited to, Joe Rosenberg, Alan Gary, Paul Morris, Emma Hoser and Matthew Rodrigez, and any representative or agent of Live Nation, including, but not limited to, Jason Miller and John D'Esposito, concerning any music concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

d.    Any correspondence or communications between You or Your agents , including, but not limited to, Joe Rosenberg, Alan Gary, Paul Morris, Emma Hoser, and Matthew Rodriguez, and any representative or agent of Live Nation, including, but not limited to, Jason Miller and John D'Esposito, concerning any music concerts and/or events from December 2010 through May 2011.

e.    Any correspondence or communications between You or Your agents  and any representative of Juice, including, but not limited to, Thomas Dorfman, Chris Barrett, Vito Bruno, and John Dimatteo, concerning any music concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

f.    All appearances by artists represented by You at any music concerts and/or events produced or promoted by Live Nation from 2008 to the present, including the dates and locations of such appearances as well as the fee paid to the artist to appear.

g.    The nature of the business relationship between You and Live Nation, including, but not limited to, whether there are any exclusivity agreements requiring artists represented by You to agree not to appear at certain events, and the volume of business transacted by You with Live Nation between 2008 and the present.

5

# EXHIBIT "B"

## <u>DEFINITIONS</u>

1.      "Juice" refers to Juice Entertainment, LLC, including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

2.      "Dorfman" refers to Plaintiff Thomas Dorfman and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

3.      "Barrett" refers to Plaintiff Chris Barrett and his agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his behalf.

4.      "You" or "Your" refers to AM Only Inc., including its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on its behalf.

5.      "Matter" refers to the above-captioned action filed in the United States District Court for the District of New Jersey and assigned Docket No. 11-07318 (WHW).

6.      "Complaint" refers the First Amended Complaint filed on or about September 4, 2012 in this Matter.

7.      "Artists" refers to musical performers, including, but not limited to, singers, musicians, disc jockeys ("DJs"), and electronic musicians.

8.      "Person" or "persons" or "entity" refers to natural persons as well as firms, partnerships, associations, institutions, joint ventures, governmental entities, administrative agencies, professional associations, corporations, and every other organization of whatever sort

and his, her or its agents, servants, employees, attorneys, accountants, and any other persons acting or purporting to act on his, her or its behalf.

9.    "Your agents" refers to any person or entity acting on Your behalf in connection with this Matter.

10.    "Live Nation" refers to Defendant Live Nation Entertainment, Inc. and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

11.    "SFEM" refers to State Fair Event Management and its officers, directors, agents, servants, employees, attorneys, accountants, subsidiaries, affiliates, predecessors and successors, and any other persons acting or purporting to act on its behalf.

12.    "Promote," "Promoted" or "Promoting" refers to any work or action Live Nation or its agents have undertaken in connection with any electronic dance concert, event or festival or live music concert, event or festival including but not limited to production, booking artists, negotiating contracts, advertising, design and logistics.

13.    The "Subject Matter of this Case" refers to the factual allegations and the legal and equitable claims and defenses advanced in the Complaint and Answer.

14.    "Document" is used in the most comprehensive and inclusive sense permitted by applicable law and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody, or control, whether handwritten, typed, printed, or recorded or stored on computer data storage devices or storage media, diskettes, videotape, audio tape, or photographic film. "Document" means and includes, by way of example, any type of written, recorded, electronic, graphic or photographic matter of any kind or character, however produced or reproduced. The term thus includes, without limiting the generality of the foregoing,

all photographs, sketches, drawings, videotapes, audiotapes, letters, telegrams, telexes, facsimiles, electronic mail, electronic or computerized data compilations, word processor text, spreadsheets, slide presentations, cancelled checks (front and back), correspondence, brochures, manuals, press releases, transcripts of interviews, transcripts of speeches, product guides, contracts, consulting agreements, other agreements, business plans, deeds, drafts, work papers, plans, blueprints, specifications, comparisons, surveys, data sheets, analyses, calculations, files (and their contents), notes to the files, reports, publications, mechanical and electronic sound recordings or transcripts thereof, calendar or diary entries, memoranda of telephone or personal conversations or of meetings or conferences, maps, studies, reports, charts, interoffice communications, minutes of meetings, articles, announcements, ledgers, vouchers, checks, receipts and invoices, tax records and forms, court pleadings and papers, discovery requests and responses including originals and copies of any of the foregoing, any material underlying, supporting or used in preparing any document, and any tangible object(s) other than a document, including without limitation, prototypes, models, specimens, computer disks and tapes, videotapes and audiotapes. A draft or non-identical copy is a separate document within the meaning of this term. The term "documents" includes all documents, by whomever prepared, within the possession, custody, or control of the party to whom these discovery requests are addressed.

15. "Event" refers to any live music concert, festival, group of live music concerts, or live show at which one or more artists performs.

16. "Appearance" refers to an artist performing at any live music concert, group of live music concerts, show or festival.

17.    "Communication" is used in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among two or more persons, companies, subsidiaries, or affiliates, including any of the directors, officers, employees, or representatives thereof, whether face-to-face, by telephone, voice mail, or by means of written, electronic, or other medium.

18.    "Possession, custody, or control" means actual or constructive possession, custody, or control. Any document that is not in a person's immediate physical possession, but which the person has a right to compel a third person to produce, or which is otherwise subject to the control of the person in question is within that person's possession, custody, or control.

19.    "Concerning" is used herein in its broadest sense, and includes but is not limited to, consisting of, directly or indirectly referring to, alluding to, having any relationship to, pertaining to, regarding, comprising, reflecting, discussing, underlying, commenting upon, forming the basis for, analyzing, or mentioning the subject of or constituting or embodying in whole or in part.

20.    The term "storage media" refers to memory that is used to store computer data, including, without limitation, hard disks, floppy disks, CDs, DVDs, flash drives or other memory devices.

**REQUESTED DOCUMENTS**

Under Federal Rules of Civil Procedure 30(b)(2) and 45(a)(1)(A)(iii), AM Only Inc. is requested to produce the following discoverable information at the deposition:

a.   All documents and communications concerning any concerts and/or events planned for the 2011 New Jersey State Fair at The Meadowlands.

b.   All documents and communications concerning any offers received for artists represented by You to appear at any concerts in conjunction with the 2011 New Jersey State Fair at The Meadowlands.

c.   All documents and communications concerning any contracts for artists represented by You to appear at any event produced or promoted by Live Nation from 2008 to the present.

d.   All documents and communications evidencing the volume of business transacted by You with Live Nation from 2008 to the present.

e.   All documents and communications concerning any meeting between You and Live Nation and its representatives, including but not limited to Jason Miller and John D'Esposito, concerning the 2011 New Jersey State Fair at The Meadowlands.

f.   All documents and communications concerning any exclusivity agreements between You and Live Nation pursuant to which artists represented by You are required to limit the venues at which they appear, by geography, time, or any other limiting factor.

g.   All documents and communications concerning any correspondence between you and Juice and its representatives, including but not limited to Thomas Dorfman, Chris Barrett, Vito Bruno and John Dimatteo, regarding any events, concerts and/or festivals promoted or produced by Juice.

h.   All documents and communications concerning any correspondence between You and Live Nation and its representatives, including but not limited to Jason Miller and John D'Esposito, regarding any events, concerts and/or events at The Meadowlands between 2008 and the present.