# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUICE ENTERTAINMENT, LLC, THOMAS DORFMAN, AND CHRIS BARRETT,<br>　　　　　　Plaintiffs,<br><br>vs.<br><br>LIVE NATION ENTERTAINMENT, INC.,<br>　　　　　　　　　　Defendant. | Civil Action No. 11-cv-7318 (WHW)(CLW) |

**DEFENDANT LIVE NATION ENTERTAINMENT, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND
THE COURT'S MAY 23, 2018 ORDER PURSUANT TO FED. R. APP. P. 5(a)(3)**

　
**GREENBERG TRAURIG, LLP**
500 Park Avenue, Suite 400
Florham Park, N.J. 07932
(973) 360-7900
*Attorneys for Defendant*
*Live Nation Entertainment, Inc.*

November 19, 2018

*NY 247746645v4*

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT ............................................................................................................................... 3

I. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE FED. R. APP. P. 5(a)(3) IS INAPPLICABLE ................................................................................... 3

II. LEGAL STANDARD FOR INTERLOCUTORY APPEAL .......................................... 4

III. PLAINTIFFS FAIL TO SATISFY THE NECESSARY ELEMENTS TO WARRANT INTERLOCUTORY APPEAL ................................................................... 4

CONCLUSION ............................................................................................................................ 9

*NY 247746645v4*

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bachowski v. Usery*,
  545 F.2d 363 (3d Cir. 1976) ................................................................................4

*Bayer AG & Bayer Corp. v. Schein Pharm.*,
  129 F. Supp. 2d 705 (D.N.J. 2001) ......................................................................3

*Bell Atl. Network Servs., Inc. v. P.M. Video Corp.*,
  730 A.2d 406 (N.J. Super. App. Div. 1999) ........................................................6

*Cummings v. Jackson*,
  No. 07-4046, 2008 U.S. Dist. LEXIS 105501 (D.N.J. Dec. 18, 2008) .............1, 3

*Dorato v. Smith*,
  163 F. Supp. 3d 837 (D.N.M. 2015) ....................................................................7

*J.L. Davis & Assocs. v. Heidler*,
  622 A.2d 923 (N.J. Super. App. Div. 1993) ........................................................8

*Jones v. Jersey City Med. Ctr.*,
  20 F. Supp. 2d 770 (D.N.J. 1998) ........................................................................6

*Kapossy v. McGraw-Hill, Inc.*,
  942 F. Supp. 996 (D.N.J. 1996) .......................................................................4, 6

*Katz v. Carte Blanche Corp.*,
  496 F.2d 747 (3d Cir. 1974) ................................................................................7

*Levine v. United Healthcare Corp.*,
  285 F. Supp. 2d 552 (D.N.J. 2003) ......................................................................4

*Lightning Lube v. Witco Corp.*,
  4 F.3d 1153 (3d Cir. 1993) ..................................................................................5

*Litgo N.J., Inc. v. Martin*,
  No. 06-2891, 2011 U.S. Dist. LEXIS 31869 (D.N.J. Mar. 25, 2011) ..................6

*Max Daetwyler Corp. v. Meyer*,
  575 F. Supp. 280 (E.D. Pa. 1983) .......................................................................7

*In re Merritt Logan*,
  901 F.2d 349 (3d Cir. 1990) ............................................................................5, 8

*P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*,
  161 F. Supp. 2d 355 (D.N.J. 2001) ......................................................................7

*Perini Corp. v. Greate Bay Hotel & Casino, Inc.*,
  610 A.2d 364 (N.J. Sup. Ct. 1992) ......................................................................5

*RSB Lab. Servs., Inc. v. BSI, Corp.*,
  847 A.2d 599 (N.J. Super. App. Div. 2004) ................................................3, 5, 6

ii

*Simon v. United States*,
   341 F.3d 193 (3d Cir. 2003)......................................................................................................4

*Singh v. Daimler-Benz, AG*,
   800 F. Supp. 260 (E.D. Pa. 1992) ............................................................................................7

*Tretina Printing, Inc. v. Fitzpatrick & Assocs.*,
   640 A.2d 788 (1994).................................................................................................................6

*Truong v. Kartzman*,
   No. 06-3286, 2007 U.S. Dist. LEXIS 45451 (D.N.J. June 22, 2007).......................................8

*United States v. Hollywood Motor Car Co.*,
   458 U.S. 263 (1982).................................................................................................................4

*V.A.L. Floors, Inc. v. Westminster Cmtys., Inc.*,
   810 A.2d 625 (N.J. Super. App. Div. 2002) ............................................................................6

*Vega v. United States*,
   514 F. Supp. 2d 767 (W.D. Pa. 2007)..................................................................................1, 3

**Statutes**

28 U.S.C. § 1292(b) .........................................................................................................................4

**Other Authorities**

16 Charles A. Wright, et al., *Federal Practice and Procedure*, § 3929 (1977)...............................4

Fed. R. App. P. 1 ............................................................................................................................1

Fed. R. App. P. 5(a)(3)................................................................................................................1, 3

Fed. R. Civ. P. 7(b) .........................................................................................................................3

Fed. R. Civ. P. 7(b)(1)(B) ...............................................................................................................3

NY 247746645v4

Defendant Live Nation Entertainment, Inc. ("Live Nation") submits this Memorandum of Law in Opposition to Plaintiffs' Motion to Amend the Court's Order of May 23, 2018 (the "Summary Judgment Order").

## PRELIMINARY STATEMENT

Plaintiffs bring this motion almost five months after the Court's entry of the Summary Judgment Order. They ask for that Order to be modified so they may petition the Court of Appeals for an interlocutory review of one of the Court's three rulings in that Order. Plaintiffs' motion relies upon inapplicable rules and is unsupported by any caselaw.[1] Plaintiffs complain about this Court's application of the "new business rule" to preclude Plaintiffs' claim for lost profits on one of Plaintiffs' three claims that narrowly survived summary judgment. Yet the Court's use and application of that doctrine is in accord with well-settled precedent and was explained in a well-reasoned opinion. Plaintiffs have not identified any reversible error made by this Court and have not articulated any argument that is likely to prevail before the appellate tribunal. Given that Plaintiffs have not established even the remote possibility of prevailing on appeal, an interlocutory voyage to the Court of Appeals would serve no purpose. At its core, Plaintiffs' motion presents nothing more than a mere disagreement with one of the rulings in the Court's decision. Because such a disagreement does not justify interlocutory appeal, Plaintiffs' motion should therefore be denied.

---

[1] Plaintiffs' reliance on Federal Rule of Appellate Procedure 5(a)(3) as the authority for this motion is procedurally misplaced, because the Federal Rules of Appellate Procedure apply *only* to the United States Courts of Appeal. *See Vega v. United States*, 514 F. Supp. 2d 767, 770 (W.D. Pa. 2007) (citing Fed. R. App. P. 1). Indeed, "Rule 5(a)(3) - although stating that a district court may amend its order, either on its own or upon a motion, to permit an appeal - contemplates an appellate court's determination *after* the district court makes a determination under 28 U.S.C. § 1292(b)." *Cummings v. Jackson*, No. 07-4046, 2008 U.S. Dist. LEXIS 105501, at *8-9 (D.N.J. Dec. 18, 2008) (emphasis added).

**STATEMENT OF FACTS**

Given the Court's familiarity with the case, as evidenced by the comprehensive discussion embodied in the Summary Judgment Order, Live Nation limits its recitation of the facts to only those pertinent for purposes of the present motion.

This case arises from allegations by two inexperienced festival promoters that Live Nation defamed them and interfered with their ability to sign artists to perform at the 2011 New Jersey State Fair, which caused their contract with the State Fair to be terminated. Plaintiffs' Amended Complaint asserted claims of: tortious interference with contract (Count I); tortious interference with business relations (Count II); and defamation (Count III). (ECF No. 24, "Amended Complaint").

After the parties completed an extensive amount of fact and expert discovery, Live Nation filed a motion for summary judgment, seeking dismissal of Plaintiffs' three claims. (ECF No. 73, "Defendant's Motion for Summary Judgment"). In its Summary Judgment Order, the Court granted Live Nation's motion as to Count I (Plaintiffs' tortious interference with contract claim), dismissing that claim entirely. (ECF No. 81, "Summary Judgment Opinion," at 10-11). As to Count III (Plaintiffs' defamation claim), the Court denied Live Nation's motion in part based on the presumed damages doctrine; however, the Court limited any recovery on this claim to only nominal damages. (*Id.* at 16-18). Lastly, as to Count II (Plaintiffs' tortious interference with business relations claim) the Court denied Live Nation's motion in part, finding the existence of a disputed issue of fact. As to this narrowly-surviving claim, the Court found, based on the undisputed facts of record, that Plaintiffs were engaged in a new venture. Thus, the Court concluded that Plaintiffs were precluded at trial from seeking lost-profits damages since these damages are "too remote and speculative to meet the legal standard of reasonable certainty." (*Id.*

at 20 (quoting *RSB Lab. Servs., Inc. v. BSI, Corp.*, 847 A.2d 599, 609 (N.J. Super. App. Div. 2004)).

Plaintiffs' present motion seeking to amend the Summary Judgment Order does not challenge the Court's complete dismissal of Count I of the Complaint. It similarly does not challenge the Court's limitation of Plaintiffs' recovery on Count III of the Complaint (alleging defamation) to nominal damages. Plaintiffs challenge *only* the Court's ruling with respect to Count II of the Complaint, and its determination that Plaintiffs are precluded from seeking lost-profits damages. As discussed below, Plaintiffs contend the Court used the wrong standard in limiting their claim for lost-profits and that the Court should have applied the "reasonable certainty" test to determine whether Plaintiffs had established a right to lost profits, rather than the "new business rule," which is followed by New Jersey courts.[2]

## ARGUMENT

### I. PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE FED. R. APP. P. 5(a)(3) IS INAPPLICABLE

Federal Rule of Civil Procedure 7(b) requires any motion requesting relief by the Court to "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Here, Plaintiffs' Notice of Motion identifies Federal Rule of Appellate Procedure 5(a)(3) as the authority for this motion. However, the Federal Rules of Appellate Procedure apply to the United States Courts of Appeal, not District Courts. *See Vega*, 514 F. Supp. 2d at 770; *Cummings*, 2008 U.S. Dist. LEXIS 105501, at *8-9. Thus, because the Notice of Motion fails to comply with this fundamental tenet of Rule 7(b), Plaintiffs' motion should be denied.

---

[2] The Court should reject any attempt by Plaintiffs to challenge the Court's rulings with respect to Counts I and III, if they attempt to do so on reply. *Bayer AG & Bayer Corp. v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (rejecting "newly minted arguments contained in reply briefs"). However, if Plaintiffs try to do so, Live Nation should, at the very least, be given a sur-reply in which to respond.

3

## II. LEGAL STANDARD FOR INTERLOCUTORY APPEAL

Setting aside this basic procedural flaw underlying Plaintiffs' motion, the applicable standard governing the district court's certification of a non-final order for interlocutory appeal is set forth in 28 U.S.C. § 1292(b).  That statute permits such relief in the limited circumstances that arise when: "(1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and that (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003) (citing 28 U.S.C. § 1292(b)).  The moving party bears the burden of satisfying all three requirements. *Levine v. United Healthcare Corp.*, 285 F. Supp. 2d 552, 556-57 (D.N.J. 2003).  Even if all three factors are met, it is within the district court's discretion to deny certifying an interlocutory appeal. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).  Indeed, given the strong policy of "avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation," interlocutory appeals should be "used sparingly." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982); 16 Charles A. Wright, et al., *Federal Practice and Procedure*, § 3929, at 134 (1977)).

## III. PLAINTIFFS FAIL TO SATISFY THE NECESSARY ELEMENTS TO WARRANT INTERLOCUTORY APPEAL

Plaintiffs argue that the Court's decision to bar Plaintiffs from seeking lost profits on Count II of the Complaint improperly relied upon the "new business rule" rather than the "reasonable certainty" test.  Plaintiffs' argument relies upon cases decided in the 1990s that this Court was well-aware of and described in its opinion as being decided during a period of "doctrinal confusion," which has since been clarified by numerous decisions in the subsequent decades.

4

Plaintiffs concede that New Jersey law governs Count II of the Complaint and thus Plaintiffs' entitlement to relief, including lost profits. The new business rule provides that "prospective profits of a new business are considered too remote and speculative to meet the legal standard of reasonable certainty." *RSB Lab. Servs., Inc. v. BSI, Corp.*, 847 A.2d 599, 609 (N.J. Super. App. Div. 2004). Contrary to Plaintiffs' assertion, there is no difference of opinion as to whether the "new business rule" is and remains controlling New Jersey law with respect to lost profits. This Court indeed specifically noted in its Opinion that: "Some doctrinal confusion resulted in the 1990s from federal courts' departure from the new-business rule." (Summary Judgment Opinion at 19). The Court continued to explain that the "confusion" was caused by a plurality decision by the New Jersey Supreme Court in *Perini Corp. v. Greate Bay Hotel & Casino, Inc.*, 610 A.2d 364 (N.J. Sup. Ct. 1992), which was decided in 1992. (*Id.*). The Court then explained that subsequently, the *Perini* case was rejected and the vitality of the new business rule returned to favor. Thus, as the Court explained: "Because New Jersey courts view the new-business rule as controlling law, so will this Court." (*Id.*).

Here, Plaintiffs rely principally on two Third Circuit decisions – which were decided during the period of "doctrinal confusion" in the 1990s described by the Court – that inaccurately predicted that New Jersey would abandon the new business rule. *See In re Merritt Logan*, 901 F.2d 349, 358 (3d Cir. 1990); *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1176 (3d Cir. 1993). In concluding that "New Jersey no longer adheres to its 'new business rule,'" the Third Circuit cited a then-recent New Jersey Supreme Court opinion, in which a plurality affirmed that a casino was entitled to recover lost future profits as a new business. *Lightning Lube*, 4 F.3d at 1176 (citing *Perini Corp.*, 610 A.2d at 379).

However, in the years following the Supreme Court's decision in *Perini*, the Appellate

5

Division of the Superior Court of New Jersey has consistently affirmed the vitality of the "new business rule" in New Jersey. *See RSB Lab. Servs., Inc.*, 847 A.2d at 609; *V.A.L. Floors, Inc. v. Westminster Cmtys., Inc.*, 810 A.2d 625 (N.J. Super. App. Div. 2002); *Bell Atl. Network Servs., Inc. v. P.M. Video Corp.*, 730 A.2d 406 (N.J. Super. App. Div. 1999). In *Bell*, the Appellate Division refused to follow *Perini*, noting that the plurality's decision was not binding authority, involved an arbitration, and was later overruled on other grounds by *Tretina Printing, Inc. v. Fitzpatrick & Assocs.*, 640 A.2d 788 (1994). *See Bell*, 730 A.2d at 420. Consistent with *Bell*, the Appellate Division in *RSB Laboratory Services* again affirmed New Jersey's continued adherence to the new business rule, explaining, "until the Supreme Court says otherwise, the new business rule remains the law in this State." *RSB Lab. Servs.*, 847 A.2d at 612. Simply put, given that the Appellate Division has on three separate occasions confirmed the applicability of the new business rule in New Jersey, there is no substantial ground for difference of opinion as to whether the new business rule applies. *See Jones v. Jersey City Med. Ctr.*, 20 F. Supp. 2d 770, 773 (D.N.J. 1998) ("in the absence of a clear pronouncement from the state's highest court, a federal court may consider the decisions of the state's intermediate courts.").

As noted above, "mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion.'" *Kapossy*, 942 F. Supp. at 1001. "Rather, the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." *Id.* "Such doubt can stem from conflicting precedent, the absence of controlling law on a particular issue, or novel and complex issues of statutory interpretation." *Litgo N.J., Inc. v. Martin*, No. 06-2891, 2011 U.S. Dist. LEXIS 31869, at *15 (D.N.J. Mar. 25, 2011). However, "[t]he mere fact that a substantially greater number of judges have resolved the issue one way rather than another does not, of itself, tend to show that there is no substantial ground for difference of opinion."

6

*Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983). Moreover, "[a]n attorney's contention that one precedent rather than another should apply does not merit interlocutory appeal." *Dorato v. Smith*, 163 F. Supp. 3d 837, 880 (D.N.M. 2015) (citing *Singh v. Daimler-Benz, AG*, 800 F. Supp. 260, 263 (E.D. Pa. 1992)).

Given the absolute clarity concerning the ongoing viability of the new business rule, there is no basis on which to certify for interlocutory appeal the Court's ruling as to Count II of the Complaint, because there is no genuine difference of opinion on that issue. Any confusion over that issue arising from the two Third Circuit cases relied upon by Plaintiffs, which were decided during a period of "doctrinal uncertainty" in the 1990s, has long since been clarified.

Plaintiffs' motion suggests that even if the new business rule applies, the Court misapplied that doctrine to the facts of this case. However, Plaintiffs offer no evidence that the Court overlooked or facts about which the Court was mistaken. Indeed, the Court's opinion discusses Plaintiffs' lack of experience in significant detail:

> Plaintiffs had little experience planning and producing concerts as large as the planned Event. Before forming Juice Entertainment in 2009, neither Barrett nor Dorfman had produced an outdoor festival event, EDM event, or any other concert or event with more than 5,000 attendees. Plaintiffs' largest event before early 2011 was a 2010 Latin music festival – produced under a separate agreement with SFEM – which lost money.

(Summary Judgment Opinion at 2).

Moreover, whether the Court erred in applying the new business rule rather than the "reasonable certainty" test does not involve a "controlling question of law." "A controlling question of law includes one which 'if erroneous, would be reversible error on final appeal.'" *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (D.N.J. 2001) (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)).

7

Here, even assuming that the "reasonable certainty" test were the proper standard to review a claim for lost profits – which, as discussed above, it is not – Plaintiffs have not demonstrated how the Court's failure to apply the reasonable certainty test would constitute reversible error. Under the reasonable certainty standard, "damages for lost profits are recoverable if proven with reasonable certainty." *In re Merritt Logan, Inc.*, 901 F.2d at 358. And absent such proofs, no damages will be rewarded, since any recovery would be based on pure speculation. *J.L. Davis & Assocs. v. Heidler*, 622 A.2d 923, 929-30 (N.J. Super. App. Div. 1993). In this case, however, the record is bereft of any factual allegations that demonstrate, with any degree of certainty, *any* profits to which Plaintiffs would have been entitled. As the Court found, based upon the review of all of the evidence adduced by the parties, Plaintiffs' claim for "[l]ost profit damages are thus too remote and speculative to meet the legal standard of reasonable certainty." (Summary Judgment Opinion at 20 (internal quotation marks and citation omitted).

In sum, because, under either test, the outcome would be the same – that Plaintiffs are not entitled to lost profit damages – Plaintiffs cannot demonstrate that the issue is controlling. *See Truong v. Kartzman*, No. 06-3286, 2007 U.S. Dist. LEXIS 45451, at *7 (D.N.J. June 22, 2007) ("a question of law is controlling if its incorrect disposition is one that would require reversal of the final judgment").

Finally, certifying this matter as ripe for interlocutory appeal would not "materially advance the termination of the litigation." Plaintiffs are not likely to prevail upon the issue they intend to raise before the Court of Appeals, because the new business rule remains well-settled under New Jersey law and it bars claims for lost profits, since the Court properly found that Plaintiffs' venture was a new business.

8

## CONCLUSION

For all of the foregoing reasons, Live Nation respectfully requests that Plaintiffs' motion to amend the Court's May 23, 2018 Summary Judgment Order be denied.

          Respectfully submitted,

          GREENBERG TRAURIG, LLP


       By:  /s/ *Ian S. Marx*
          Philip R. Sellinger
          Ian S. Marx
          GREENBERGTRAURIG, LLP
          500 Campus Drive, Suite 400
          Florham Park, New Jersey 07932
          Attorneys for Defendant
          Live Nation Entertainment, Inc.

Dated: November 19, 2018