**FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUICE ENTERTAINMENT, LLC, THOMAS DORFMAN, and CHRIS BARRETT,<br>　　　　　　Plaintiffs,<br>　v.<br>LIVE NATION ENTERTAINMENT, INC.,<br>　　　　　　Defendant. | **OPINION & ORDER**<br><br>Civ. No. 11-7318 (WHW) |

**Walls, Senior District Judge**

Plaintiffs Juice Entertainment LLC, Thomas Dorfman, and Chris Barrett ("Plaintiffs") bring a motion (ECF No. 91) requesting the Court amend its May 23, 2018 Order which granted in part and denied in part Defendant Live Nation Entertainment, Inc.'s motion for summary judgment (ECF No. 82) in order for Plaintiffs to file an interlocutory appeal. Decided without oral argument pursuant to Fed. R. Civ. P. 78, the motion is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

A full factual and procedural recitation is included in the Opinion in dispute. *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, No. CV117318, 2018 WL 2357748 (D.N.J. May 23, 2018) (ECF No. 81). Immediately relevant to the present motion: this case concerns alleged interference with an effort to stage an electronic dance music event at the 2011 New Jersey State Fair. Plaintiffs allege that Defendant Live Nation Entertainment, Inc. ("Live Nation") tortiously interfered with their contract and business relationship with State Fair Event Management, which was handling the State Fair in 2011. Live Nation moved for summary judgment, and on May 23,

**FOR PUBLICATION**

2018, the Court entered an Opinion and Order which granted the motion as to Count 1, but denied it as to Counts 2 and 3. *Id.* at *10. The Court also ordered that Plaintiffs would be precluded from seeking lost-profits damages at trial, reasoning that, under New Jersey law, Plaintiffs were operating a "new business," and the new business rule "provides that there should be no award of lost profits for a new business because the prospective profits of a new business are considered too remote and speculative to meet the legal standard of reasonable certainty." *Juice Entm't*, 2018 WL 2357748 at *9 (internal quotations omitted). Plaintiffs now move the Court to amend its Order (ECF No. 82) to add language which would permit Plaintiffs to petition for interlocutory appeal on the issue of whether the Court was correct in its application of the new business rule. ECF No. 91.

## STANDARD OF REVIEW

A non-prevailing party may pursue an interlocutory appeal only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) the final resolution of the appeal has the potential to materially advance the determination of the litigation. 28 U.S.C. § 1292(b); *see also Tristani ex rel. Karnes v. Richman*, 652 F.3d 360, 365 (3d Cir. 2011). Any appeal under 28 U.S.C. § 1292(b) represents a "deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." *Interfaith Cmty. Org., Inc. v. PPG Industries, Inc.*, 702 F. Supp. 2d 295, 319 (D.N.J. 2010) (quoting *U.S. v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (describing 28 U.S.C. § 1292 as intending interlocutory appeal to be "a rare exception"). "Certification is not mandatory even if the three criteria are met; rather, certification is wholly

**FOR PUBLICATION**

discretionary." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 358 (D.N.J. 2001) (WHW). The Court is permitted to amend its orders pursuant to Federal Rule of Appellate Procedure 5(a)(3) if it finds the Section 1292(b) criteria have been met. *See Cummings v. Jackson*, No. CIV A 07-4046 (MLC), 2008 WL 5377782, at *4 (D.N.J. Dec. 18, 2008).[1]

## DISCUSSION

Plaintiffs intend their appeal to "focus on the preclusion of Plaintiffs from seeking lost-profit damages at trial." Declaration of Andrew B. Smith ("Smith Decl.") (ECF No. 91-1) at ¶ 10. Specifically, Plaintiffs contend that this issue involves a controlling question of law because there is "substantial ground for difference of opinion on this issue," since Plaintiffs dispute both "whether the 'new business rule' utilized applies to Plaintiffs and whether the 'new business rule' is even the proper standard that should be used in this case." *Id.* ¶ 11. In New Jersey, "[t]here is a well established distinction, in respect of the ascertainment of future probable profits, between a new business or venture and one in actual operation. In the first, the prospective profits are too remote, contingent and speculative to meet the legal standard of reasonable certainty; while in the second, the provable data furnished by actual experience provides the basis for an estimation of the quantum of such profits with a satisfactory degree of definiteness." *Bell Atl. Network Servs., Inc. v. P.M. Video Corp.*, 322 N.J. Super. 74, 98 (App. Div. 1999) (quoting *Weiss v. Revenue Bldg. and Loan Ass'n*, 116 N.J.L. 208, 212 (E. & A.1936)). Defendant posits there is neither a controlling question of law nor a substantial ground

---

[1] Plaintiffs state in their papers that whether the 1292(b) criteria for interlocutory appeal are met "is an issue for the Third Circuit to decide." ECF No. 97 (Reply Br.) at 5. This is not so. *See Chao v. Roy's Const., Inc.*, 517 F.3d 180, 188 (3d Cir. 2008) (stating that 28 U.S.C. § 1292(b) "permits an appellate court to grant immediate interlocutory review when a district judge states in writing that an interlocutory order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation") (internal quotations omitted).

for difference of opinion with regard to the new business rule and its application. ECF No. 96 at 4-8.

### *Controlling Question of Law*

"A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal… '[C]ontrolling' means serious to the conduct of the litigation, either practically or legally." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

First, Plaintiffs' request for appellate review of whether the new business rule was properly applied to them —assuming *arguendo* it was the correct legal standard—is not a controlling question of law because it involves this Court's discretion when applying facts to the law. "Courts in this district have held that although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Morgan v. Ford Motor Co.*, No. CIV.A. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007); *see also In re Barsan Contractors*, No. 04-12362, 2010 WL 3907116, at *5 (D.N.J. Sept. 30, 2010) ("Misapplication of the law to the facts is not a question of law"). Because the Court's finding that Plaintiffs were engaged in a new business was a discretionary determination, it is not appropriate for interlocutory appeal.

Whether the new business rule was the correct standard used by the Court is a question of law. The Court also finds that it is controlling. "[C]ourts have held that a ruling that substantially limits the damages a plaintiff may recover is a controlling question of law." *Newsome v. Wisconsin Cent. Ltd.*, No. 13-CV-1379, 2015 WL 6872360, at *3 (E.D. Wis. Nov. 9, 2015) (collecting cases); *see also Costello v. BeavEx, Inc.*, No. 12 C 7843, 2014 WL 12775669, at *2

(N.D. Ill. Dec. 1, 2014) ("Rulings that have substantially reduced the amount of damages a plaintiff could have recovered have been held by other district courts to present controlling issues"). Because the availability of lost profit damages versus nominal damages significantly affects the litigation going forward, whether the new business rule was the appropriate standard used by the Court is a controlling question of law.

### *Substantial ground for a difference of opinion*

"A substantial ground for difference of opinion exists when there is a genuine doubt or conflicting precedent as to the correct legal standard." *Lighthouse Inst. for Evangelism v. City of Long Branch*, No. CV 00-3366 (WHW), 2012 WL 13034284, at *2 (D.N.J. Nov. 27, 2012). There is genuine doubt as to whether the new business rule is the applicable standard. Plaintiffs contend that the "reasonable certainty" standard—whereby new businesses are not absolutely barred from recovering lost-profit damages but instead have to be able to show them with reasonable certainty—ought to have been used instead of the new business rule. Smith Decl. ¶ 12. As to this point, the Court stated in its Opinion:

> Some doctrinal confusion resulted in the 1990s from federal courts' departure from the new-business rule...That departure was occasioned by the New Jersey Supreme Court's plurality opinion in *Perini Corp. v. Greate Bay Hotel & Casino, Inc.*, 129 N.J. 479 (1992), which New Jersey courts have since declined to follow. *See Bell Atl. Network Serv., Inc. v. P.M. Video Corp.*, 322 N.J. Super. 74, 98-99 (App. Div. 1999) (adhering to the new-business rule and noting that "the arguments for abandonment of the 'new business rule' ... appear only in the plurality opinion in *Perini*[,]... which only involved arbitration and was itself overruled on other grounds...."). Because New Jersey courts view the new-business rule as controlling law, so will this Court.

*Juice Entm't, LLC*, 2018 WL 2357748, at *9.

Just because there was once doctrinal confusion concerning the new business rule does not mean the rare instance of interlocutory appeal is warranted. Recently, New Jersey courts undoubtedly followed the new business rule. *See LaVerde v. Sirius Am. Ins. Co.*, No. CV 08-

5

**FOR PUBLICATION**

1946 (JLL), 2012 WL 13033983, at *11 (D.N.J. Apr. 18, 2012) ("Although a majority of states have departed from this per se rule and will award lost profits where they can be proved with reasonable certainty, New Jersey still follows the minority rule") (also "not[ing] that in 1990s there was a departure from the New Business Rule which resulted in doctrinal confusion"). *See also Fid. Eatontown, LLC v. Excellency Enter.*, LLC, No. 3:16-CV-3899-BRM-LHG, 2017 WL 2691417, at *6 (D.N.J. June 22, 2017) (noting New Jersey's use of the new business rule but declining to apply it given the facts of the case); *Gorjuice Wrap, Inc. v. Okin, Hollander & De Luca, LLP*, No. A-4782-08T2, 2011 WL 92957, at *13 (N.J. Super. Ct. App. Div. Jan. 12, 2011) (applying the new business rule); *Shalley v. Borough of Sea Bright*, No. A-5928-07T2, 2009 WL 1324024, at *6 (N.J. Super. Ct. App. Div. May 14, 2009) (same); *Sea Crest Enterprises, L.L.C. v. City of Elizabeth*, No. A-4094-03T1, 2006 WL 2590327, at *10 (N.J. Super. Ct. App. Div. Aug. 8, 2006) (recognizing "insufficient authority to compel the conclusion that the 'new business rule' was not the governing law"). New Jersey courts have even lamented that "[p]erhaps the time has come for our State to join the majority of jurisdictions that have abandoned this anachronistic rule for the more flexible approach," but "until the Supreme Court says otherwise, the new business rule remains the law in this State." *RSB Lab. Servs., Inc. v. BSI, Corp.*, 368 N.J. Super. 540, 560 (App. Div. 2004).

Yet while this motion was being briefed, the Appellate Division in New Jersey cast new and significant doubt as to the firmness of the new business rule as the status quo in the state. In *Michael L. McDonald & Point Break Group Management, LLC v. City of Wildwood*, No. A-0109-17T4, 2018 WL 6164767 (N.J. Super. Ct. App. Div. Nov. 26, 2018), the Appellate Division specifically undermined the new business rule by removing it as an absolute bar to recovery, finding it "does not impede a new business from recovering lost profit damages if such

business can show with reasonable certainty proof of lost profits." *Id.* at *4. This Court believes this is an incorrect application of the current law, but absent clarification from the Supreme Court of New Jersey to the contrary, the *McDonald* case certainly implicates a substantial ground for difference of opinion. The second criterion under 1292(b) is met.

### *Material advancement of the determination of the litigation*

Plaintiffs must finally show that an interlocutory appeal will materially advance the ultimate termination of this litigation. "An interlocutory appeal materially advances litigation if it (1) eliminate[s] the need for trial, (2) eliminate[s] complex issues so as to simplify the trial, or (3) eliminate[s] issues to make discovery easier and less costly." *Harnish v. Widener Univ. Sch. of Law*, No. 12-CV-00608 WHW, 2013 WL 1890276, at *4 (D.N.J. May 3, 2013) (internal quotations omitted). The Court finds that Plaintiffs have not demonstrated this prong. In *McDonald*, the court recognized, while relying on *RSB Lab. Servs.*, that ventures which are "arguably a new business" often have trouble showing they can calculate lost profits with reasonable certainty, the alternative standard. *McDonald*, 2018 WL 6164767 at *4. The same is true here. Even if *McDonald* muddies the question of whether an absolute bar for lost profit damages applies to new businesses, the Court has already found that Plaintiffs are unable to show lost profits with any reasonable certainty. As this Court stated in its earlier Opinion:

> The new-business rule operates here to bar Plaintiffs from recovering lost profits. New Jersey courts have applied the new-business rule in analogous cases.... While Plaintiffs may have successfully promoted and produced smaller shows, the Event was of a much larger scale, and Plaintiffs' sole foray into large-scale outdoor-event production resulted in losses, not profits. *Lost-profits damages are thus 'too remote and speculative to meet the legal standard of reasonable certainty.'*

*Juice Entm't*, 2018 WL 2357748, at *9 (quoting *RSB Lab. Servs.*, 368 N.J. Super, at 556) (emphasis added); *see also* Plaintiffs' Counterstatement of Undisputed Material Facts (ECF No.

**FOR PUBLICATION**

75-1) (acknowledging that Plaintiffs had never produced "any concert or event with more than 5,000 patrons in attendance"). Plaintiffs are not able to advance the determination of the litigation because even if the new business rule did not act as an absolute bar to recovery, they would still be prohibited from showing lost profit damages at trial under the reasonable certainty test. Because this is a discretionary determination by the Court, it is likewise not appropriate for interlocutory appeal. *See supra* at 4.

## CONCLUSION

Having not met the criteria under 28 U.S.C. § 1292(b), Plaintiffs' motion (ECF No. 91) requesting the Court amend its previous order is hereby DENIED.

DATE: 19 December 2018

William H. Walls
Senior United States District Court Judge