# GT GreenbergTraurig

Ian S. Marx
Tel (973) 360-7951
marxi@gtlaw.com

September 11, 2019

**VIA ECF**

Honorable Cathy L. Waldor
United States Magistrate Judge
United States District Court
   for the District of New Jersey
Martin Luther King Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    **Juice Entertainment, LLC, et al. v. Live Nation Entertainment, Inc.,
Civil Action No. 11-CIV-7318 (CCC) (CLW)**

Dear Magistrate Judge Waldor:

      On behalf of Defendant Live Nation Entertainment, Inc. ("Live Nation"), we are writing, with the consent of Plaintiffs' counsel, Andrew Smith, to respectfully request an adjournment of the Final Pretrial Conference that is scheduled before Your Honor on October 3, 2019, for the reasons summarized below.

      Pending before the Court is a motion by Live Nation: to strike the report of an alleged expert, Dr. Richard Barnet, which Plaintiffs served in June 2019, three years after the relevant deadline; to bar Dr. Barnet from testifying at trial; and for additional, related relief. (ECF No. 105, the "Motion to Strike"). Initially, the Motion to Strike was returnable on September 16, but, pursuant to an ECF Notice issued yesterday, the return date has now been adjourned to October 7. Because we believe that the Motion to Strike will bear upon issues germane to the Pretrial Conference, and resolution of the Motion to Strike will make the Pretrial Conference (including the prospects of settlement) more productive, we believe the Pretrial Conference should be adjourned until after the Motion to Strike is decided.

      We assume that the return date of the Motion to Strike was adjourned from September 16 to October 7 due to Plaintiffs' untimely filing of their opposition to the Motion to Strike on September 9. (ECF No. 109). Earlier that same day, we had timely filed a short reply brief and certification, in further support of the Motion to Strike. (ECF No. 108). Plaintiffs' opposition to the Motion to Strike was due on September 3. In a footnote to their late-filed opposition, Plaintiffs provided the following explanation regarding the timeliness of their submission:

> Defendant submitted a "Brief in Further Support of Motion to Strike" stating that Plaintiffs are one week late in submitting their Opposition. However, per the Federal

Greenberg Traurig, LLP | Attorneys at Law
500 Campus Drive | Suite 400 | Florham Park, NJ 07932 | T +1 973.360.7900 | F +1 973.301.8410

www.gtlaw.com

Honorable Cathy L. Waldor
September 11, 2019
Page 2

---

> Rules of Civil Procedure, the opposition is not due on September 3, as suggested by Defendant. While the minute entry on August 23, 2019 gave an opposition date of September 3, the subsequent notice three (3) days later setting the return date of September 16 seemed to override that entry and subject it to the Rule. In any event, Plaintiffs' counsel had a trial call on September 3, the day after Labor Day, and believed the opposition was due today. Defendant's should have no issue with this as the pre-trial conference it referenced was rescheduled for October 3 at the request of Defendant with the consent of Plaintiffs, after the September 16 return date was set, adding additional time here. As such, Plaintiffs request that this Court allow this opposition and disregard Defendant's additional brief.

(ECF No. 109 at 1 n.1). Plaintiffs are incorrect in several ways:

- Contrary to Plaintiffs' assertion, the deadline for Plaintiffs' response to the Motion to Strike is ***not*** governed by the Federal Rules of Civil Procedure. Rather, this Court's Local Civil Rules govern motion practice in this Court and these Rules provide that Plaintiffs' opposition to the Motion to Strike (which was filed on August 23, 2019), was due on September 3.

- Moreover, Live Nation's Notice of Motion clearly identified the operative return date for the Motion to Strike as September 16 (*see* ECF No. 105) and the Court's accompanying ECF notice specifically called out the September 3 deadline for any response to the Motion to Strike.

- Contrary to Plaintiffs' assertion, the Court's ECF entry on August 26 referenced in their footnote, which reconfirmed the September 16 return date (and which reads "Set Deadlines as to 105 MOTION to Strike *Plaintiffs' Expert Report and for Related Relief.* Motion set for 9/16/2019"), should not have caused any confusion as to the September 3 deadline to respond to the Motion to Strike. To the contrary, pursuant to Local Civil Rule 78, the Clerk of the Court has published a list of all motion days for 2019, which clearly identifies, for each motion day, the date that opposition and replies are due. *See* https://www.njd.uscourts.gov/sites/njd/files/2019motioncalendar.pdf. This motion calendar provides (in relevant part) that:

| Motion Day | Initial Filing Deadline (24 days prior to motion day) | Deadline for Opposition Papers (14 days prior to motion day) | Deadline for Reply Papers (7 days to motion day) |
| --- | --- | --- | --- |
| September 16, 2019 | August 23, 2019 | September 3, 2019** | September 9, 2019 |

**Deviation from usual time frame shown in column heading, due to holiday or courtrecess.

Honorable Cathy L. Waldor
September 11, 2019
Page 3

---

Although, as explained above, Live Nation believes that Plaintiffs' position concerning the timeliness of their opposition to the Motion to Strike is unsound, it appears that the Court has accepted the opposition and adjourned the return date of the Motion to Strike to October 7. Live Nation will therefore submit a Reply on or before September 30, at which point the Motion to Strike will be fully-briefed.

Because the Court's decision on the Motion to Strike will bear upon issues relevant to the trial of this matter, Live Nation believes, to promote efficiency in the administration of the case, that the final pretrial conference should be adjourned until after the Court rules on the Motion to Strike, which is returnable on October 7. Moreover, given the past challenges in attempting to resolve this case through mediation first with Mr. Curtin and then again at the settlement conference with the Court on July 23, it is clear this case will not be resolved by settlement absent a decision on the Motion to Strike, and the subject of settlement is one of the topics for discussion at the Pretrial Conference. As previously noted, Plaintiffs' counsel consents to the requested adjournment of the October 3, 2019 pretrial conference.

We thank the Court for its consideration and courtesies in considering this request.

Respectfully submitted,

IAN S. MARX

cc: Andrew Smith, Esq. (via ECF)