# EXHIBIT E

```
 1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
 2

 3   JUICE ENTERTAINMENT, LLC,      .
                                    .
 4          Plaintiffs,             . Case No. 11-cv-07318-ccc-clw
                                    .
 5   vs.                            .
                                    . Newark, New Jersey
 6   LIVE NATION ENTERTAINMENT,     . September 27, 2019
     INC.,                          .
 7                                  .
            Defendants.             .
 8
 9                   TRANSCRIPT OF ORAL OPINIONS
             BEFORE THE HONORABLE CATHY L. WALDOR
10                UNITED STATES MAGISTRATE JUDGE

11
     APPEARANCES:           No attorneys present.
12

13   Audio Operator:

14   Transcription Service:  KING TRANSCRIPTION SERVICES
                              3 South Corporate Drive
15                            Suite 203
                              Riverdale, NJ 07457
16                            (973) 237-6080

17
     This  oral opinion has been reviewed and revised in
18   accordance with L. Civ. R. 52.1

19   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
20

21

22

23

24

25
```

1                          I N D E X

2
   Proceeding                                              Page
3
    Judge's Opinions                                        3
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1        (Commencement of proceedings 12:23 P.M.)

2

3        THE COURT: It's 12:23 on September 27th, 2019.
4   This is an oral opinion in <u>Juice Entertainment versus Live
5   Nation</u>, 11-cv-07318. This is a motion to strike plaintiff's
6   expert report, and plaintiff alleges unclean hands, an
7   unclean hands theory in that the defendant was often
8   recalcitrant, or late, or non-compliant with discovery; and
9   attaches, has 200 pages of exhibits ECF-109-1, that include
10  letters to the Court, and motions to compel, as illustrating
11  actual discovery disputes, and Court resolution that caused
12  those delays.

13        Plaintiff further argues that, due to defendant's
14  late submission of discovery in May 2016, that was necessary
15  to prepare the proposed expert report, which was disclosed on
16  June 6th, 2019, was the cause of the delay in the late report,
17  some three years after discovery was available to plaintiff.

18        Of note in this litigation, original counsel was
19  substituted on September 7th, 2019. A motion for summary
20  judgment was filed on October 17th, 2016, ECF-73. Opposition
21  on December 19th, 2016, ECF-75. And reply on January 23rd,
22  2017, ECF-76. Judge Walls issued his opinion and order, that
23  ECF-81 and 82, on May 23rd and 24th of 2018.

24        Judge Walls held that only nominal damages can be
25  recovered on the defamation claim. "Plaintiff's defamation

1   claim can survive summary judgment.  However, because of the

2   Presumed Damages Doctrine, any recovery at trial, on the

3   defamation claim, will be limited to those nominal damages."

4   ECF-81 at page 18.

5           Furthermore, Judge Walls decided that, "While

6   plaintiffs may have successfully promoted and produced

7   smaller shows, the Event was of a much larger scale, and

8   plaintiff's sole foray into larger scale outdoor event

9   production resulted in losses, not profits.  Lost profit

10  damages are thus too remote and speculative to meet the legal

11  standard of reasonable certainty."  RSB citing RSB Lab

12  Services, 368, N.J. Super. 556.  That's ECF-81 at page 20.

13          Judge Walls granted summary judgment as to count

14  one, tortious interference with contract; and limited damages

15  on count three, the defamation claim; and precluded damages

16  on count two.

17          Plaintiff now submits to defendant an expert report

18  on damages, which was not supplied to the Court in its

19  opposition to the motion to strike.  Defendant moves to

20  strike the report due to a lack of timeliness, which with the

21  Court agrees.

22          Furthermore, any proposed expert report is in

23  contravention of Judge Walls' summary judgment opinion and

24  order, and hints at this Court reversing his opinion.

25          For the above stated reasons, the motion to strike

Decision
11-cv-07318-ccc-clw, September 27, 2019                                          5

1  is granted.  And motion docket number 105 will be terminated.
2  An order will follow.
3
4              (Conclusion of Proceedings at 12:27 P.M.)

Decision
11-cv-07318-ccc-clw, September 27, 2019
Certification

6

| | |
|---|---|
| 1 | Certification |
| 2 | I, JENNY POWER, Transcriptionist, do hereby certify |
| 3 | that the 5 pages contained herein constitute a full, true, |
| 4 | and accurate transcript from the official electronic |
| 5 | recording of the proceedings had in the above-entitled |
| 6 | matter; that research was performed on the spelling of proper |
| 7 | names and utilizing the information provided, but that in |
| 8 | many cases the spellings were educated guesses; that the |
| 9 | transcript was prepared by me or under my direction and was |
| 10 | done to the best of my skill and ability. |
| 11 | I further certify that I am in no way related to any of |
| 12 | the parties hereto nor am I in any way interested in the |
| 13 | outcome hereof. |
| 14 | |
| 15 | /S/ *Jenny Power*                         1st of October, 2019 |
| 16 | Signature of Approved Transcriber              (Date) |
| 17 | |
| 18 | Jenny M. Power, AOC #640 |
|    | KING TRANSCRIPTION SERVICES, LLC |
| 19 | 3 South Corporate Drive, Suite 203 |
|    | Riverdale, NJ 07457 |
| 20 | (973)237-6080 |