# EXHIBIT G



Andrew Smith
Smith + Schwartzstein LLC
71 Maple Ave., Suite 3
Morristown, NJ 07960
T: 973.206.1725
F: 973.794.2589
E: asmith@sslegalservices.com

June 12, 2019

**VIA EMAIL**
Ian S. Marx, Esq.
Greenberg Traurig LLP
500 Campur Drive
Florham Park, New Jersey 07932

   **Re: Juice Entertainment LLC, Thomas Dorfman and Chris Barrett v. Live Nation Entertainment Inc.
     Civil Action No. 2:11-cv-07318-WHW-CLW**

Dear Ian:

  As you know, my firm represents Plaintiffs Juice Entertainment LLC, Thomas Dorfman and Chris Barrett ("Plaintiffs") in the above referenced matter. This letter is in response to your June 11, 2019 letter to me (the "Letter"). The Letter appears to be an empty threat bourn of fear of the contents of Dr. Richard Barnet's expert report (the "Expert Report"). As for the threats regarding "confidential" documents, the very Confidentiality Order you cite specifically states at Section 4(b) that such documents can be reviewed by experts. Since the Expert Report is very clearly an expert report, there was no violation of the Confidentiality Order.

  Further, it is well settled that an expert report may be admissible even where it is served after the discovery end date. See <u>Meyers v. Pennypack Woods Home Ownership Ass'n</u>, 559 F.2d 894, 904 (3d Cir.1977) (holding that before excluding evidence, the Court should consider (1) the prejudice or surprise to the party against whom the evidence would be presented; (2) the ability to cure the prejudice; (3) the extent to which the evidence, if admitted, would disrupt trial of the case; and (4) bad faith or willfulness in failing to comply with the Court's Order); <u>In re Mercedes-Benz Anti-Trust Litigation</u>, 225 F.R.D. 498, 504-05 (D.N.J. 2005) (stating that the Third Circuit has expressed a distinct aversion to the exclusion of important evidence unless there is evidence of extreme neglect or bad faith on the part of the proponent of the testimony, and the Court should exercise particular restraint in deciding a motion to preclude evidence); <u>Velez v. QVC, Inc.</u>, 2004 WL 1175726, at *1 (E.D.Pa. May 25, 2004) (stating that before imposing the "extreme sanction" of preclusion of evidence, the Court must either find that the party "(1) revealed previously undisclosed evidence when trial was either imminent or in progress; or (2) acted in bad faith, which is more than a mere lack of due diligence."), *quoting* <u>Meyers</u>, 559 F.2d at 905; <u>see</u> also <u>Tucci v. Tropicana Casino</u>, 364 N.J. Supper. 48, 52 (App. Div. 2003) (stating that New Jersey courts have long held that it is "particularly indulgent in not barring a late expert's report where the report was critical to the claim or defense, the late report was submitted well before trial, the defaulting counsel was not guilty of any willful misconduct or design to mislead, any potential prejudice to the adverse party could be remediated, and the client was entirely innocent."). Here, there is both

a legitimate reason for the late issuance of the report and a lack of prejudice to Defendant Live Nation Entertainment, Inc. ("Defendant"). See id.

Plaintiffs had to file numerous motions in order to get discovery from Defendant, and even after orders were issued by the Court ordering the production of documents, Defendant still refused to produce the ordered discovery. To this day, Defendant has not produced all the discovery ordered by the Court to be produced. Further, Defendant itself produced discovery after the discovery end date. In addition, though you lament Plaintiffs' serving the Expert Report after the dates set forth for expert reports, Defendant itself repeatedly failed to meet deadlines in the very same order. Moreover, even the discovery that was produced was produced in a manner designed to hide the information contained in the discovery. For example, a key spreadsheet was produced in pieces over thousands of pages of production, so that it took a massive effort just to identify and then piece together the document itself.

In addition, Plaintiffs had tremendous difficulty finding any expert in the specific industry willing to testify against Defendant. While experts approached did not doubt Plaintiffs, there was concern about retaliation by Defendant for even just providing a report to Plaintiffs, regardless of what it said. Further, some of the issues in the Expert Report were not raised by Defendant until the summary judgment motion, and other issues were only recently discovered. Plaintiffs efforts were made all the more difficult with the withdrawal of Plaintiffs' original counsel through no fault of Plaintiffs. Considering all of these difficulties, Plaintiffs have provided the Expert Report as expeditiously as they could.

There is also no prejudice to Defendant here. The Expert Report was based almost entirely on documents produced by Defendant itself, as well as some transcripts that have been in Defendant's possession for quite some time. Defendant has plenty of time to depose Dr. Barnet, as Plaintiffs will make him available for his deposition upon request. Further, Defendant also has time to submit a counter-expert report if it deems one necessary, and Plaintiffs will of course consent to any extensions of time necessary for it to do so if needed.

Finally, no trial date has been set as of yet. As such, the rules regarding admission of a late expert report are relaxed. See Szalontai v. Yazbo's Sports Café, 183 N.J. 386, 398 (2005) (discovery rules are more relaxed before arbitration has been held and/or a trial date has been set); Tucci, 364 N.J. Supper. at 52 (courts should be "indulgent" were there is no trial date set); Ponden v. Ponden, 374 N.J. Super. 1, 11 (App. Div. 2004) (finding that trial judge mistakenly exercised discretion in barring plaintiff's expert report when trial date was not yet scheduled and such report was crucial to plaintiff's claim); Santone v. Fusiek, 2010 WL 6813737 (Law Div. Dec. 9, 2010) (courts will allow late expert reports where the late report was submitted well before trial, the defaulting counsel was not guilty of any willful misconduct or design to mislead, any potential prejudice to the adverse party could be remediated, and the client was entirely innocent). As such, the Expert Report is admissible and can be used at trial. See id.

    Please let me know as soon as possible if you would like to depose Dr. Barnet. Thank you for your time and attention. If you have any questions or concerns, please do not hesitate to contact me directly.

                                                    Yours Truly,
                                                    SMITH + SCHWARTZSTEIN LLC

                                                    /s/ Andrew Smith

                                                    Andrew B. Smith, Esq.