UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUICE ENTERTAINMENT LLC, THOMAS DORFMAN and CHRIS BARRETT,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC.,<br><br>Defendant. | **Civil Action No. 11-7318-WHW-MCA** |

**PLAINTIFFS' REPLY BRIEF TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' OBJECTIONS, PER FRCP 72(a), OF MAGISTRATE JUDGE WALDOR'S OPINION TO BAR THEIR EXPERT REPORT**

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................... ii

**PRELIMINARY STATEMENT** ............................................................................................... 1

**STATEMENT OF FACTS AND PROCEDURAL HISTORY** ................................................. 1

**LEGAL STANDARD** ............................................................................................................... 3

**LEGAL ARGUMENT** .............................................................................................................. 3

    **I.   THE MA CERT. WAS MADE WITH FIRST-HAND KNOWLEDGE AND SHOULD NOT ONLY BE CONSIDERED, BUT ITS CONTENTS ACCEPTED AS FACT** ............................................................................................................................ 3

    **II.   PLAINTIFFS PROPERLY JUSTIFIED THE UNTIMELY SERVICE OF THE REPORT AND DEMONSTRATED THE LACK OF PREJUDICE SUCH THAT THE EXPERT REPORT SHOULD BE ALLOWED** ........................................................... 4

    **III.   THE EXPERT REPORT WAS NOT IRRELEVANT TO THE CURRENT CASE SUCH THAT THE MAGISTRATE'S DECISION SHOULD BE OVERTURNED** .......... 8

**CONCLUSION** .......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

Haas v. Burlington Cnty., 955 F. Supp. 2d 334, 336 (D.N.J. 2013) ............................................... 9
Hartle v. Firstenergy Generation Corp., 7 F. Supp. 3d 510, 517 (W.D. Pa. 2008) ......................... 5
In re Mercedes-Benz Anti-Trust Litigation, 225 F.R.D. 498, 504-05 (D.N.J. 2005) ................. 4, 7
Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719-720 (3d Cir. 1997) ................................ 7
Ponden v. Ponden, 374 N.J. Super. 1, 11 (App. Div. 2004) ....................................................... 4, 6
Santone v. Fusiek, 2010 WL 6813737 (Law Div. Dec. 9, 2010) ................................................ 4, 6
Szalontai v. Yazbo's Sports Café, 183 N.J. 386, 398 (2005) ...................................................... 4, 6
U.S. v. Raddatz, 447 U.S. 667 (1980) ............................................................................................ 3
Velez v. QVC, Inc., 2004 WL 1175726, at *1 (E.D.Pa. May 25, 2004) .................................... 4, 7
Withrow v. Spears, 967 F. Supp. 2d 982, 1000–01 (D. Del. 2013) ............................................... 4

**Statutes**

"Notes of Decisions" under 28 U.S.C.A. §636 .............................................................................. 3

## PRELIMINARY STATEMENT

Defendant Live Nation Entertainment, Inc.'s ("Defendant") opposition (the "Opposition") to plaintiffs Juice Entertainment, LLC ("Juice"), Thomas Dorfman and Chris Barrett's (collectively, "Plaintiffs") objection to the September 27, 2019 oral decision (the "Decision") of Magistrate Judge Cathy L. Waldor (the "Magistrate") to bar the expert report of Dr. Richard Barnet (the "Expert Report") (the "Objection") attempts to use additional "facts" to avoid the substance of Plaintiffs' Objection. Contrary to the assertions in the Opposition, Mike Ma has first-hand knowledge of everything he certified to in the certification submitted in opposition to the motion to bar and attached to the Objection papers (the "Ma Cert."); Plaintiffs were substantially justified in serving their report per the applicable law; and the summary judgment opinion and order of Judge Walls dated May 23, 2108 (the "SJ Order") should have little effect on the Objection since the Expert Report is directly relevant to the issues that still remain in this case. Therefore, Plaintiffs' objection must be granted, and **please note that Plaintiffs request oral argument here**.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff will rely on the statement of facts and procedural history in its brief in support of the Objection and will only briefly address those "additional relevant facts" in Defendant's Opposition.[1] First, Mike Ma did in fact have personal knowledge of all the facts he listed in the Ma Cert. See Second Certification of Mike Ma, submitted with the reply papers ("Second Ma Cert."). He is a licensed attorney barred in Australia, England and Wales who has been acting in the capacity of a paralegal for Juice directly since the beginning of the litigation, and was in fact

---

[1] These "additional relevant facts" are in reality more like argument, so Plaintiffs will try to briefly address them factually here and then argue them below.

1

introduced at a deposition as such. See id. In fact, he has attended all the recent court appearances on behalf of Juice and has met counsel for Defendant at least twice. See id. As such, his certification is proper.

Second, while the Magistrate may have been involved in the process of discovery, that does not change the analysis here. Nor does Defendant's alleged "sequencing" argument. There is no evidence that any "sequencing" was contemplated or expected by anyone other the normal sequencing of any case. Fourth, interestingly, Defendant in the Opposition does not challenge the vast majority of the Ma Cert., only challenging the assertion that Plaintiffs only had two weeks after production of the documents to obtain experts. While it may be true that Defendant did agree to extend the time Plaintiffs had to file a report *after* their expert reports were already due, such assertion does not change the veracity of either the Ma Cert. or Plaintiffs' Objection, as will be discussed in further detail below.

Fifth, whether Plaintiffs' former attorneys objected to the production or not, the production provided by Defendant is *still to this day* incomplete. Plaintiffs' former attorneys are no longer the attorneys of record in this case, and Plaintiffs new attorney has recognized very clearly that the production is incomplete. Such incomplete discovery was addressed and demonstrated in the Ma Cert. and Defendant has not and cannot challenge the substance of that fact.

Sixth, the Expert Report is in fact directly related to the substance of the remaining case, even when using Defendant's narrow definition of what remains, as will be discussed below. Finally, the Magistrate did in fact strike the Expert Report. Therefore, for the reasons to be discussed further below, the Objection must be granted.

## LEGAL STANDARD

Defendant's standard seeks to downplay that the District Court Judge is the ultimate decision-maker and has "broad discretion to accept, reject or modify the magistrate's proposed findings." See "Notes of Decisions" under 28 U.S.C.A. §636, *citing* U.S. v. Raddatz, 447 U.S. 667 (1980). More importantly, Defendant's argument focuses on the issue as a whole, rather than focus on the action Decision of the Magistrate. The legal standard only applies to the actual Decision, which was that because the Expert Report was only relevant to issues dismissed by the SJ Order, Defendant's motion to strike was granted. As will be discussed below, that Decision is such that the Objection must be granted.

## LEGAL ARGUMENT

### I. THE MA CERT. WAS MADE WITH FIRST-HAND KNOWLEDGE AND SHOULD NOT ONLY BE CONSIDERED, BUT ITS CONTENTS ACCEPTED AS FACT

As noted above, the Ma Cert. was made with first-hand knowledge. See Second Ma Cert. Again, Defendant only challenges one aspect of the Ma Cert. in the Opposition. Several of the facts in the Ma Cert. are important to this Objection yet remained completely unchallenged by Defendant. For example, the Ma Cert. alleged that the discovery production was incomplete, yet other than saying Plaintiffs did not object to the discovery production earlier, Defendant does not address the substance at all. The Ma Cert. very specifically delineated the deficiencies, and Defendant failed to address the substance of those deficiencies at all in the Opposition. See Ma Cert. at 16-18. As another example, the Ma Cert. alleged that certain documents were "hidden" in the production and set forth a very specific example with Bates stamped documents to so demonstrate. See id. at 20-22. Again, the Opposition failed to address the substance of this fact

3

at all.  As such, the unchallenged facts of the Ma Cert., which would include everything but the timeframe for when Plaintiffs' had to submit expert report, must be accepted as true by this Court.

As for the assertion that Plaintiffs only had two weeks after production of the documents to obtain experts, any agreement to extend the time Plaintiffs had to file a report came *after* their expert reports were already due, as Plaintiffs expert reports were due May 2, 2016, and per the Opposition, the agreement to extend was made on May 16, 2016.  In any event, whether it was two weeks or two months, the analysis remains the same.  Plaintiffs understand that their expert report was late; as noted in the Objection, however, that is not dispositive.  When the facts here, even accepting the two-month scenario presented in this Opposition, are analyzed per the applicable case law as presented in the Objection, the Expert Report should be allowed.[2]  See Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904 (3d Cir.1977); In re Mercedes-Benz Anti-Trust Litigation, 225 F.R.D. 498, 504-05 (D.N.J. 2005); Withrow v. Spears, 967 F. Supp. 2d 982, 1000–01 (D. Del. 2013); Velez v. QVC, Inc., 2004 WL 1175726, at *1 (E.D.Pa. May 25, 2004); Szalontai v. Yazbo's Sports Café, 183 N.J. 386, 398 (2005); Tucci v. Tropicana Casino, 364 N.J. Supper. 48, 52 (App. Div. 2003); Ponden v. Ponden, 374 N.J. Super. 1, 11 (App. Div. 2004); Santone v. Fusiek, 2010 WL 6813737 (Law Div. Dec. 9, 2010).  Therefore, the Objection must be granted.  See id.

## II. PLAINTIFFS PROPERLY JUSTIFIED THE UNTIMELY SERVICE OF THE REPORT AND DEMONSTRATED THE LACK OF PREJUDICE SUCH THAT THE EXPERT REPORT SHOULD BE ALLOWED

Again, the issue of whether Plaintiffs were justified in serving the Expert Report late, or there was a lack of prejudice related thereto should be considered by this court *de novo* because the Magistrate did not address these issues in her Decision.  See Decision, attached to Plaintiffs'

---

[2] Again, the Magistrate's Decision did not address this issue at all, and so the issue should be addressed by this Court *de novo*.

prior papers. In any event, there are two basic issues here Defendant argues in its papers, lack of "substantial justification" and lack of prejudice. None of Defendant's arguments change the fact that the late service was substantially justified, and more importantly per the case law, there is a lack of both prejudice and bad faith.

On the issue of "substantial justification," Defendants argue that the late service is not justified because Plaintiffs failed to object to the discovery issues which caused the late service of the Expert Report. However, a lack of objection by Plaintiffs' former attorneys does not change the unrefuted facts regarding the deficiency of the production by Defendant. The reality is that those deficiencies existed and were demonstrated in the Ma Cert. without any attempt to challenge the substance of them by Defendant. When Plaintiffs objected does not change that Mr. Ma and Plaintiffs current attorney only recently discovered, in combing through the mountains of documents, including ones hidden within the production, documentation sufficient to go an expert. Given the discovery deficiencies noted, Plaintiffs believe they were justified regardless of the former attorneys' lack of objection. There is no case law that says that there must be "perfect" justification for the delay, just that it has to be "substantial," which it is in this instance.

Defendant also argues that none of the cases referenced by Plaintiffs have three-year gap between the end of discovery and when the expert report was being produced, claiming the largest was a year after the deadline. See Hartle v. Firstenergy Generation Corp., 7 F. Supp. 3d 510, 517 (W.D. Pa. 2008). However, even assuming that is true, that is somewhat of a distinction without a difference. The cases cited were in essentially the same position this case was when the report was served – discovery was over, motions filed, and a trial date had not been set. See id.; Meyers, 559 F.2d at 904. Just because this case moved slower than most between the

5

end of discovery and the pre-trial conference does not render the difference so great as to justify ignoring that case law.

In fact, Defendant ignores the case law describing the more important time-frame related fact: that the standard for allowing late expert reports is substantially relaxed prior to a trial date being set, which *still* hasn't been set here, one hundred and forty-four (144) days after the Expert Report was served.  See Meyers, 559 F.2d at 904; Szalontai, 183 N.J. at 398 (discovery rules are more relaxed before arbitration has been held and/or a trial date has been set); Tucci, 364 N.J. Supper. at 52 (courts should be "indulgent" were there is no trial date set); Ponden, 374 N.J. Super. at 11 (finding that trial judge mistakenly exercised discretion in barring plaintiff's expert report when trial date was not yet scheduled and such report was crucial to plaintiff's claim); Santone, 2010 WL 6813737 (courts will allow late expert reports where the late report was submitted well before trial, the defaulting counsel was not guilty of any willful misconduct or design to mislead, any potential prejudice to the adverse party could be remediated, and the client was entirely innocent).  As such, there is "substantial justification" under the law to allow the late served Expert Report here.  See id.

Regarding the second part, prejudice, Defendant attempts to create prejudice by arguing that allowing the Expert Report would violate the "orderly sequencing" of the case.  This argument relies entirely on the argument that the Expert Report's focus is on the issues dismissed by the SJ Order.  However, as will be discussed below, that is not the case at all.  Moreover, other than the motion for summary judgment, Defendant has not articulated exactly how the Expert Report actually prejudices them.  This is especially relevant since the "sequencing" here was no different

6

from the "sequencing" of any other case, which means this case is indistinguishable in that regard from any of the cases cited to by Plaintiffs.[3]

Further, Defendant argues that the late service would disrupt the "orderly and efficient trial of the case" because there is a pre-trial conference in this matter on November 15, 2019. However, the scheduled pre-trial conference, rather than help Defendant's argument, provides a reason to allow the Expert Report. The Court, at the pre-trial conference, can build into the pre-trial schedule any efforts Defendant needs to undertake to defend against the report, i.e. deposing Dr. Barnet and/or providing a rebuttal report.

Finally, Defendant attempts to both undercut the importance of the report and suggest bad faith[4] by once again claiming that the Expert Report is not relevant to any current issues in the case. In so doing, Defendant does not even address the arguments made by Plaintiffs in its Objection as to why that is not the case. As will be discussed in detail below, the Expert Report is incredibly relevant to the case as it currently stands. As such, it is important to the case, and there is no basis for a "bad faith" claim necessary to keep out the Expert Report. See In re Mercedes-Benz Anti-Trust Litigation, 225 F.R.D. at 504-05 (stating that the Third Circuit has expressed a distinct aversion to the exclusion of important evidence unless there is evidence of extreme neglect or bad faith on the part of the proponent of the testimony, and the Court should exercise particular restraint in deciding a motion to preclude evidence); Velez, 2004 WL 1175726, at *1 (stating that before imposing the "extreme sanction" of preclusion of evidence, the Court

---

[3]  In making the "sequencing" argument, Defendant cites to Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719-720 (3d Cir. 1997). However, the parenthetical Defendant puts in its brief at page 14 distinguishes that case from this one in the most important aspect – the report in that case was served three (3) weeks before trial. Here, **a trial date has not yet even been set, one hundred and forty-four (144) days, or twenty and a half (20.5) weeks after the Expert Report was served.**

[4]  Of course, Defendant so argue as per the case law, without bad faith, the Expert Report should be allowed. See In re Mercedes-Benz Anti-Trust Litigation, 225 F.R.D. at 504-05; Velez, 2004 WL 1175726, at *1.

7

must either find that the party "(1) revealed previously undisclosed evidence when trial was either imminent or in progress; or (2) acted in bad faith, which is more than a mere lack of due diligence."), *quoting* <u>Meyers</u>, 559 F.2d at 905.  Therefore, the Objection must be granted.  <u>See</u> <u>id.</u>

### III.   THE EXPERT REPORT WAS NOT IRRELEVANT TO THE CURRENT CASE SUCH THAT THE MAGISTRATE'S DECISION SHOULD BE OVERTURNED

The reasoning of the Decision was that the Expert Report was only relevant to damages, and therefore it should be barred as late.  <u>See</u> Decision, attached to Plaintiffs' Objection papers.  Defendant argues that this was the correct analysis because the Expert Report is "irrelevant" to any existing issue in the case.  Plaintiffs, in their Objection papers, argued that Defendant and the Magistrate interpreted the SJ Order way too narrowly, and that issues like damages are still relevant here; hence the Expert Report is still relevant.  <u>See</u> Objection papers.  However, even rejecting that argument (which Defendant did not really even address), and simply looking at the case as narrowly as Defendant asks, the Expert Report is *still* incredibly relevant.

Defendant, at page 17 of the Opposition, argues that the Expert Report "does not address the remaining issues concerning tortious interference or defamation."  However, that is patently incorrect.  Plaintiffs clearly articulated in the Objection how the Expert Report was relevant to the issues of tortious interference and defamation, yet Defendant simply claim it doesn't without even addressing any of the arguments made by Plaintiffs.  As described in detail in the Objection, Plaintiffs still have to prove at trial that Defendant tortuously interfered with their ability to perform on the contract at issue.  Part of proving that is demonstrating (1) that Defendant had the ability to tortuously interfere with Plaintiffs given its standing in the industry; (2) that Defendant's offer to co-promote the event with Plaintiffs did not excuse or undercut the tortious interference, as Defendant has alleged; and (3) that Plaintiffs had the ability to have completed the event but for Defendant's interference.  The Expert Report addresses all three of these issues.

8

Moreover, Plaintiffs also have to prove at trial that Defendant made defamatory statements about Plaintiffs. Part of proving defamation is proving that the statements made by Defendant were untrue. According to Defendant itself, one of its defenses to the defamatory statements, which were in essence that Plaintiffs lacked the experience to perform the contract at issue and were lightweights posing as able to perform, was in fact true. The Expert Report directly addresses this issue, as discussed at length in the Objection and not addressed at all in the Opposition.

The Magistrate bought into this argument that the Expert Report does not address any of the current issues in the case. However, as demonstrated above and in the Objection papers, that was "clearly erroneous," as any objective reading of the Expert Report would find that it is relevant to the remaining issues in a number of respects. See Haas v. Burlington Cnty., 955 F. Supp. 2d 334, 336 (D.N.J. 2013). Therefore, the Objection must be granted. See id.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court reverse the Decision and allow the Expert Report.

SMITH + SCHWARTZSTEIN LLC

BY: /s/ Andrew Smith
    _____
    ANDREW B. SMITH, ESQ.
    71 Maple Avenue
    Morristown, NJ 07960
    Telephone: 973-206-1725
    Fax: 973-794-2589

DATED: October 28, 2019

9