

Ian S. Marx, Esq.
Tel 973.360.7951
Fax 973.301.8410
marxi@gtlaw.com

February 29, 2024

<u>Via ECF</u>

Honorable Claire C. Cecchi
United States District Judge
United States District Court
  for the District of New Jersey
Martin Luther King Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   <u>*Juice Entertainment, LLC, et al. v. Live Nation Entertainment, Inc.*, Civil Action No. 11-CIV-7318 (CCC) (CLW)</u>

Dear Judge Cecchi:

This letter was jointly prepared by counsel to Defendant Live Nation Entertainment, Inc. ("Live Nation") and Plaintiffs Thomas Dorfman, Christopher Barrett and Juice Entertainment, LLC ("Plaintiffs"), as instructed by the Court during our conference on February 23, during which Your Honor directed counsel to: (a) engage in further settlement discussions as outlined during the call; and (b) if a settlement was not reached, to propose an agreed upon schedule for the submission of the *in limine* motions also discussed during the call.

On the subject of settlement, the parties have not reached resolution during the past week and do not believe that further elaboration on that subject in this publicly filed submission would be appropriate or productive. Should the Court wish to receive further information as to settlement efforts, the parties would be pleased to submit confidential updates to the Court.

As to the subject of *in limine* motions, **the parties have agreed that the parties will file moving papers on or before <u>March 14</u> and that any opposition will be filed on or before <u>March 25</u>**. (The Court directed that there should be no reply papers on the motions).

Live Nation intends the motions to resolve disputed issues concerning the parties' extremely divergent views concerning the implications of the Court's prior rulings and what remains of the case, as illustrated by the extremely different conceptions of the trial advanced in the Final Pretrial Order.  *See* ECF 133.  As described therein, Live Nation believes this should be a one-day trial limited to liability only on four narrowly defined issues (all of which have been identified by prior rulings of the Court) and that <u>all</u> damages have been ruled out based on prior orders of the Court.  Plaintiffs conceive of a more

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS
* OPERATES AS GREENBERG TRAURIG MAHER LLP
+ OPERATES AS GREENBERG TRAURIG, S.C.
^ A BRANCH OF GREENBERG TRAURIG, P.A. FLORIDA, USA
~ OPERATES AS GREENBERG TRAURIG GRZESIAK sp.k.
** STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP  ■  ATTORNEYS AT LAW  ■  WWW.GTLAW.COM
500 Campus Drive, Suite 400  ■  Florham Park, New Jersey 07932  ■  Tel 973.360.7900  ■  Fax 973.301.8410
ACTIVE 685629116v5

February 29, 2024
Page 2

_____

expansive trial that will take two weeks on liability and one more day on damages, with nine "will call" liability witness (and 17 "may call" witnesses) and three witnesses on damages, including an expert. *See* ECF 133.

Finally, the parties are in disagreement concerning a new trial date. Plaintiffs would like the Court to set a new trial date now and would request a new date in late April or early May. Plaintiffs' position is that the case is thirteen (13) years old, and the parties will have time to prepare in the general timeframe proposed. Further, they believe a firm trial date is necessary at this point to move this case forward one way or another. Live Nation believes that setting a trial date should await the Court's decision on the forthcoming *in limine* motions, because absent direction or rulings from the Court, the parties lack clarity about the length and subject matter of the trial and preparing for an undefined trial (and the attendant pre-trial submissions) imposes an undue burden. Live Nation respectfully suggests that Court's rulings on *in limine* motions to address these divergent views are needed so that the contours of the trial are properly defined (including the issues to be tried and potential witnesses) sufficiently before the trial date to permit appropriate and reasonable trial preparation and therefore suggests that the new trial date be set after the Court's ruling on the *in limine* motions (which rulings might also aid in the settlement process).

As always, we appreciate the Court's courtesies and kind consideration of this matter.

**Respectfully submitted**,
**GREENBERG TRAURIG, LLP**

*/s/ Ian S. Marx*

IAN S. MARX

ISM/dad