SMITH+SCHWARTZSTEIN LLC

Andrew B. Smith, Esq.
Admitted in NJ and NY

4 Chatham Road, Suite 1
Summit, NJ 07901

P: 973.206.1725
F: 973.794.2589
andrew@sslawfirmllc.com

December 20, 2024

**VIA EFILING**
The Honorable Claire C. Cecchi,
United States District Judge, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

      Re:   <u>*Juice Entertainment LLC, et al v. Live Nation Entertainment, Inc.*
              Civil Action No. 2:11-cv-07318-WHW-CLW</u>

Your Honor:

      This firm represents Plaintiffs Juice Entertainment LLC, Thomas Dorfman and Chris Barrett ("Plaintiffs') in the above referenced matter. Please accept this letter *sur sur* reply to the motions *in limine* in this matter per Your Honor's December 10, 2024 text order. Unfortunately, Defendant Live Nation Entertainment, Inc. ("Defendant") felt it necessary to disparage Plaintiffs and their arguments by characterizing Plaintiffs' arguments as "misstatements," "mischaracterizations," and "incorrect legal assertions," despite this itself being a "mischaracterization" of Plaintiffs' arguments. This is obvious in the first section of Defendant's *sur* reply, which does nothing more than attempt to distinguish the case law cited by Plaintiffs. However, for the reasons below, Defendant's arguments fail.

      In opposing Defendant's motion *in limine*, Plaintiffs cited several cases on the issue of damages, including specifically related to the issue of whether Plaintiffs are entitled to damages expected directly from the contract they entered into with the State Fair which is at issue here (the "Contract"). While Defendant attempts to distinguish the cases cited, which allege equitable and breach of contract claims, with this case, where the claim is for tortious interference with a business relationship, that is really a distinction without difference for the purposes of the motion *in limine*. Here, Plaintiffs alleged it was Defendant's pre-contract tortious interference which prevented Plaintiffs from being able to perform under the Contract, leading to the termination of the Contract. Therefore, the damages sought here are identical to the damages in those cases, all related to an actual contract entered into under which the plaintiffs were unable to obtain the benefit of by the actions of the defendants.

Regardless of the causes of action, the exact same logic applied to the cases cited by Plaintiffs is applicable here – that damages directly related to a specific contract are not "lost profits" subject to the "new business rule," but rather "expected" damages related to the expectations under the contract at issue. See Goldfarb v. Solimine, 245 A.3d 570, 577 (N.J. 2021) ("The purpose of such compensating damages 'is to put the injured party in as good a position as if performance had been rendered.'"); Atacs Corp. v. Trans World Communs., 155 F.3d 659, 669 (3d Cir.1998) (stating that the "basis of contract damages seeks to protect an injured party's 'expectation interest,'" and that such damages are measured by "the losses caused and gains prevented by defendant[]"); see also Mister Softee, Inc. v. Omar, 2023 WL 6619637, at *4 (D.N.J. Oct. 11, 2023); Golden Corral Fran. Sys., Inc. v. Scism, 2021 WL 4490233, at *2 (D.N.J. Oct. 1, 2021). In fact, this case is very much like Goldfarb, where the plaintiff took actions to be able to enter into a contract, but that contract was terminated, similar to the case here. See 245 A.3d at 577.

The fact that in those cases the causes of action were for breach of contract, and here the cause of action is for tortious interference with a business relationship, where in all instances it was the actions of the defendants which cost the plaintiffs the benefit the specific contracts, is of no moment when evaluating damages. At the very least, it is persuasive authority that the Third Circuit would hold similarly in this situation, even if the factual scenario is slightly different here than in those cases.

Effectively, Defendant seeks to prevent Plaintiffs from seeking *any damages at all* for tortious interference with a business relationship, even though Judge Walls did not so hold, and in fact declined to limit the tortious interference claims to "nominal" damages as he did with the slander claims. Plaintiffs here are seeking specific damages which resulted directly from the tortious interference and can be – like the damages in the cases cited by Plaintiffs – proven by documentary evidence, which here and in those cases includes an actual contract.[1] See id. Therefore, Defendant's attempts to distinguish Plaintiffs cases fall flat, and the motion *in limine* should be denied.

Defendant next attempts to prevent Plaintiffs from not only seeking damages related to the loss of the contractual profits, but also any damages of any kind at all, arguing that Plaintiffs didn't put direct damages in their Pretrial Statement. However, that argument fails for several reasons. First, the Pretrial Order was entered into almost two years ago, and for whatever reason the filed version is missing Plaintiffs' contested facts on damages which Plaintiffs did submit. That this was an error is obvious given that Defendant responds to Plaintiffs' contested facts on damages. Moreover, this case, now almost fourteen (14) years old, still has no trial date. The March 5, 2024 trial date was adjourned. This is particularly relevant here because according to this Court's

---

[1] Defendant also argues that there should be no "disgorgement" here because there is no allegation that Defendant profited from the State Fair show. However, that is inaccurate. Plaintiffs have long alleged that the reason for the tortious interference was so that Defendant, or a company of Defendant's choosing, got the State Fair Contract. In fact, Plaintiffs have alleged anti-competitive efforts of Defendant to control all aspects of live shows. Plaintiffs alleged, for example, that Defendant attempted to have them enter into a contract to co-promote the State Fair shows, and when they didn't agree, took action against them. At the very least, this is an issue of fact not appropriate as a basis for granting a motion *in limine*. See Bowers v. Nat'l Collegiate Athletic Ass'n, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) ("It is well settled that '[m]otions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues,' such as the sufficiency of the evidence to support a claim or defense.").

November 16, 2023 Order setting the March 5, 2024 trial date, a new pre-trial schedule was set forth which specifically states, "**[t]he above schedule supersedes any other schedule previously entered by the Court.**" See Court's 11/16/23 Order. As such, the Pretrial Order referenced by Defendant is not final. There is a status conference scheduled for February 20, 2025, and any adjustments necessary to the Pretrial Order can be made then, which presumably will be after the motions *in limine* are decided.

Moreover, even if Plaintiffs didn't indicate specific compensatory damages in the pre-trial order, and it was supposed to have as Defendant argues, Plaintiffs should *still* be allowed to argue compensatory damages, as to deny these damages would be a "manifest injustice" even according to Defendant's own case law. See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., 59 F.Supp.2d 408, 411 (D.N.J. 1999). All of the information on damages sought by Plaintiffs have been provided in discovery and previously argued. To deny Plaintiffs the opportunity to seek basic compensatory damages here, after fourteen (14) years of litigation, based on a mistake on a two year old Pretrial Order where there is no trial date and a status conference scheduled would be the definition of manifestly unjust, particularly if they are not allowed to argue contractual damages. See id. Therefore, Defendant's motion *in limine* must be denied.

Finally, once again, Defendant tries to utilize disputed facts to obtain exclusion of evidence from trial, which is inappropriate. See Bowers, 563 F. Supp. 2d at 532. Defendant in its *sur* reply argues that the $300,000 Plaintiffs borrowed to help them meet their contractual obligations was "beyond dispute lost due to Plaintiffs' own actions." Plaintiffs strongly disagree and maintain that they lost that money directly related to Defendant's action, as Chris Barrnett testified to in his deposition. The fact that Defendant cites to blurbs from the testimony of John Sandberg is not dispositive as to the issue of whether Defendant's tortious interference caused Plaintiffs to lose the $300,000 investment into their company. Plaintiffs are entitled to present evidence to the jury that the money was lost directly related to Defendant.

In fact, what Defendant is really seeking here is to re-litigate the summary judgment decision of Judge Wall. Both Judge Wall and this Court both ruled that Plaintiffs' tortious interference case could move forward to a jury. As this Court is aware, without damages, there is no case. See Kelly v. Berlin, 300 N.J. Super. 256, 268 (App. Div. 1997) ("It is fundamental that a plaintiff must 'prove damages'") (citation omitted). In fact, without damages of over $75,000, there is no jurisdiction, as noted in the Pretrial Order. See 28 U.S. Code § 1332 (requirement that "matter in controversy exceeds the sum or value of $75,000"); see also Russ v. Unum Life Ins. Co., 442 F.Supp.2d 193, 198 (D.N.J.2006) ("[M]ere speculation that a claim will exceed the jurisdictional amount is not enough to confer jurisdiction."); Edginton-Steward v. Wal-Mart Corp., 2011 WL 3625599, at *2 (D.N.J. Aug. 17, 2011) (remanding case to state court because amount in controversy was "speculative at best").

Here, neither Judge Walls nor this Court would have moved this case forward to a jury without any damages at all, yet that is exactly what Defendant is asking the Court to do by way of its motion *in limine*, in essence seeking to overturn the decision to deny summary judgment on the tortious interference claim. It would be an incredible waste of time and resources, both of the parties, but also the Court and the jury, to have a trial based on nominal damages as Defendant

suggests.  Instead, the Court should allow Plaintiffs to present all their damages to the jury, and let the jury decide.

  Thank you for your time and attention, and if you have any questions or concerns, please do not hesitate to have a member of your staff contact me directly.

            Respectfully
            SMITH + SCHWARTZSTEIN LLC

            /s/ Andrew Smith

            Andrew B. Smith, Esq.

cc: Counsel of Record