

Ian S. Marx, Esq.
Tel 973.360.7951
Fax 973.301.8410
marxi@gtlaw.com

June 3, 2026

_Via ECF_

Honorable Claire C. Cecchi
United States District Judge
United States District Court
  for the District of New Jersey
Martin Luther King Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    ***Juice Entertainment, LLC, et al. v. Live Nation Entertainment, Inc., Civil Action No. 11-CIV-7318 (CCC) (CF)***

**REQUEST FOR CONFERENCE CONCERNING
EXTRA-JUDICIAL STATEMENTS**

Dear Judge Cecchi:

      Live Nation respectfully requests a conference concerning inaccurate and prejudicial extrajudicial statements that Plaintiff Thomas Dorfman continues to make regarding the upcoming trial. If left unaddressed, those statements risk tainting the prospective jury pool and compromising Live Nation's right to a fair trial.

      As previously discussed with the Court, Mr. Dorfman has engaged in a public-relations campaign to advance his position and disparage Live Nation, including through a website (https://www.tommydjuiceentertainment.com/) that solicits financial and other support and aggregates links to his media appearances.

      On November 18, 2025, the Court heard argument on Live Nation's motions _in limine_ (ECF Nos. 141, 153), which address the scope of the trial. After the hearing, the Court met informally with counsel in chambers, where, among other things, the parties discussed Mr. Dorfman's public statements and the potential need for judicial intervention to protect Live Nation's right to a fair trial. Your Honor asked plaintiffs' counsel to address the issue with his clients and advised that, although the parties should await the Court's ruling on the _in limine_ motions, any future egregious conduct could be brought to the Court's attention.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH
COUNTY
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

* OPERATES AS GREENBERG
  TRAURIG MAHER LLP
+ OPERATES AS GREENBERG
  TRAURIG, S.C.
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.
  FLORIDA, USA
~ OPERATES AS GREENBERG
  TRAURIG GRZESIAK sp.k.
** STRATEGIC ALLIANCE

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
500 Campus Drive, Suite 400 ■ Florham Park, New Jersey 07932 ■ Tel 973.360.7900 ■ Fax 973.301.8410
_ACTIVE 685629116v5_

June 3, 2026
Page 2

_____

Unfortunately, Mr. Dorfman's activities have intensified since the November 18 hearing, while the parties await the Court's rulings on the *in limine* motions. Over the past several months, he has markedly expanded what appears to be a coordinated media campaign, driven primarily through long-form podcasts, independent creators, niche entertainment commentary programs, and other alternative media outlets. That campaign has included at least 17 podcast appearances, 12 online articles or interviews, one transcript/interview feature, and one affirmatively issued press release issued on May 5 (https://www.businesswire.com/news/home/20260505290188/en/Dorfman-calls-on-Congress-to-ban-Live-NationTicketmaster-rebate-program).

In the May 5 press release, Mr. Dorfman made several assertions about the upcoming trial, including the following:

- "We're going to put documents into evidence that really undress this rebate program," he said. "When people see how it actually works behind closed doors, it's going to be very hard to call it anything other than an offensive kickback scheme."

- "I have the evidence, I have the experts, and I have no doubt that when this is fully exposed, what we've seen so far will look like small potatoes and the wrong doers WILL finally go to jail."

Mr. Dorfman's statements about the upcoming trial are demonstrably inaccurate. Of the few issues remaining for trial, none concerns any purported "rebate program," and Plaintiffs have no trial evidence that would support the statement in the press release.[1] Nor do Plaintiffs have any expert who will testify at

_____

[1] The Court's prior opinion granting summary judgment in Live Nation's favor (ECF No. 81), limited the scope of this case to four triable issues:

- Issue 1 (Count II) – whether Live Nation engaged in interference with the WME talent agency based on Jason Miller's February 15, 2011 email. *See* Summary Judgment Opinion at 6-7.

- Issue 2 (Count II) – whether, as Plaintiff Dorfman alleges, Jason Miller of Live Nation made a threat in a meeting with Plaintiffs on March 3, 2011 and, if so, whether Live Nation carried out the threat. *See* Summary Judgment Opinion at 7.

June 3, 2026
Page 3
_____

trial: Plaintiffs' purported industry expert, Richard Barnet, has been barred from testifying (ECF No. 127), and Plaintiffs' damages expert offered an opinion only on lost profits, which are no longer at issue.  And this, of course, is a civil case; no matter the outcome, no one is "going to jail."

As previously discussed with the Court, Live Nation is mindful of Mr. Dorfman's First Amendment rights and has approached this issue with appropriate restraint. Live Nation does not lightly seek any limitation on speech. But Mr. Dorfman's orchestrated public relations campaign involving repeated and inaccurate public pronouncements about this trial are substantially likely to materially prejudice Live Nation's right to a fair trial. Under these circumstances, judicial intervention is warranted at least to address the issue and consider appropriate safeguards.

\* \* \*

For these reasons, Live Nation respectfully requests that the Court schedule a conference to address Mr. Dorfman's extrajudicial statements concerning the trial and to consider appropriate measures to prevent further prejudice.

**Respectfully submitted**,

**GREENBERG TRAURIG, LLP**

*/s/  Ian S. Marx*

IAN S. MARX

ISM/dad
cc:  All Counsel via ECF

_____

- Issue 3 (Count II) – whether, as Plaintiffs allege, Jason Miller of Live Nation made a threat in a meeting with Plaintiffs on April 22, 2011 (which Plaintiffs secretly recorded) and, if so, whether Live Nation carried out the threat. *See* Summary Judgment Opinion at 8.

- Issue 4 (Count III) – whether a February 23, 2011 email from Live Nation's John D'Esposito to Al Dorso, Jr. of SFEM was defamatory. *See* Summary Judgment Opinion at 16-18 (finding that while the February 23 email was potentially defamatory, even if it was found to be defamatory, it could support only a claim for "nominal" damages.).

*ACTIVE 685629116v5*